JAMES M. TAYLOR *against* WRIGHT GILLIES AND ANOTHER.[*]

The words "gold medal," in their ordinary and received acceptation, indicate that the article to the name of which they are prefixed or affixed, has received such a medal at some fair or place of public competition, and the manufacturer of any article which has obtained such a prize may use these words in connection with the name of the article manufactured by him, to indicate the public esteem in which it is held. These words are not, therefore, the subject of a trade-mark.

A manufacturer of an article which has never obtained any gold medal, is not entitled to be protected in the exclusive use of the words "gold medal" as a trade-mark in connection with the name of such article. The use of the words in such connection are a fraud on the public, and where these words are printed conspicuously on the labels of the packages containing the article, the fraud is none the less because there is also on the label, but disconnected from the words used as a trade-mark, and in very fine print, a statement that the article is called "gold medal" on account of certain good qualities which it is claimed to possess.

APPEAL by plaintiff from a judgment dismissing the complaint entered on the decision of a judge of this court, after a trial before him at special term. The action was brought to perpetually restrain the defendants (who composed the firm of Wright Gillies & Co.) from using the words "gold medal" to describe the saleratus put up and sold by them, the plaintiff claiming that he was entitled to the exclusive use of the words "gold medal" to describe the saleratus manufactured and put up by him.

The judge at special term dismissed the complaint on the ground that the words "gold medal" were *not* the subject of a trade-mark, and also on the ground that as it appeared that the plaintiff's saleratus had never received the prize of a gold medal, that it was an imposition on the public for him to describe his saleratus by those words, and that he was not, therefore, entitled to any protection.

From the judgment of dismissal the plaintiff appealed to the general term.

*De Witt C. Brown,* for appellant.

*Stephen P. Brague,* for respondents.

[*] On appeal to the Court of Appeals, the judgment entered on the decision of the general term here was affirmed.

Taylor v. Gillies.

J. F. DALY, J.—The plaintiff sought in this action to obtain an injunction against defendants restraining them from the use of the words or designation, " Gold Medal Saleratus," on the ground that it was plaintiff's trade-mark for saleratus manufactured and sold by him. The relief demanded was refused by this court at special term, and this appeal is taken from the judgment entered upon that decision. The court held that the words " gold medal " were not the subject of trade-mark because they were " common terms and not mere fanciful expressions, nor do they in any way indicate any such exclusive ownership or origin in the plaintiff or others using them in connection with articles of merchandise ; " and also on the ground that the name indicated that a gold medal had been awarded as a prize for the saleratus, and if no such medal had been awarded to plaintiff the term would be an imposition on the public, partaking of the character of a false representation ; and it was not asserted that any such medal had ever been awarded.

The judgment below seems to be correct. The term " gold medal " certainly implies that a medal has been awarded the manufacturer of the goods for the saleratus. If they do not mean that, the words have no signification. But such meaning is plain and common, producing a direct, sensible impression of excellence and approval by authority of some kind. They are not fanciful, having no meaning except as the designation of these particular goods. They may be used with every known manufactured article which has ever been put in competition with rival manufactures for a prize, and obtained it. Whenever seen or heard, they impress the sense with the idea of such a prize having been obtained. Unless it be shown that a gold medal has been awarded for the goods, the name is a false representation. It does not alter the case, that the label on the packages of " gold medal saleratus " sold by the plaintiff, contains in fine print, the statement that it is " a most meritorious article which from the purity and perfection of its manufacture has been denominated gold medal saleratus," because the representation is made by the prominence of the name " gold medal saleratus," and is not lessened

in effect by a statement (not by any means intended to destroy the effect of that representation) printed on the label in very fine type, and wholly disconnected with the title or trade-mark, which stands alone.

The chief objection to the claim of proprietorship by plaintiff in the words " gold medal " as applied to saleratus, is that it cannot be *exclusive*, which should be the characteristic of all trade-marks. As has been seen, the words may be applied to any article which has received the prize of a gold medal, and also to any kind of saleratus which has received such an award of merit. The prize is intended to distinguish and single out the manufacturer and his goods which have been so approved. It may become in respect of saleratus, a title which a dozen persons in as many places have the right to use in by virtue of medals received. Had the plaintiff and defendant both received gold medals for saleratus, would the plaintiff, because he received his first and gave his goods the name, be entitled to the exclusive use of the words ? Clearly not, because the mark of excellence he once received has become the right of another who has the same right to vaunt the high character of his manufactures. It may be said, however, that the defendant has shown no gold medal. But it is equally apparent that plaintiff has none, as his label above quoted shows, and if no injunction would issue where both have medals, should it be granted where neither have, and where both are equally impostures ?

The judgment should be affirmed (*Batty* v. *Hill*, Am. Trade-mark Cases, 537; *Candee* v. *Candee*, 54 Ill. 439; *Fetridge* v. *Wells*, 4 Abb. Pr. 144–156 ; Brown on Trade-mark, § 133; *Flavell* v. *Harrison*, 19 Eng. C. L. & Eq. 15).

DALY, Ch. J., and LARREMORE, J., concurred.

Judgment affirmed.