## YOUNG CHUN, DOING BUSINESS AS YE LIBERTY THEATRE, *v.* BLONDIE ROBINSON.

### APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT

ARGUED MARCH 27, 1912                     DECIDED MARCH 30, 1912

ROBERTSON, C. J., PERRY AND DE BOLT, JJ.

PRINCIPAL AND AGENT—*written contract in name of agent—pleading.*
    In a suit by a principal upon an agreement in writing which appears on its face to be the contract of the agent only, the contract should be declared on as made by the principal through the agent.

INJUNCTION—*principles governing issuance—prima facie case.*
    To authorize a temporary injunction, a prima facie showing in the bill of a right to the final relief is essential.

OPINION OF THE COURT BY PERRY, J.

This is an appeal from an order of a court of equity refusing to dissolve a temporary injunction restraining the respondent

from performing as comedian in any theater in the City and County of Honolulu other than "Ye Liberty Theatre." The allegations of the bill are in brief that the complainant, Young Chun, "doing business as Ye Liberty Theatre" in Honolulu, is the owner of a certain amusement and playhouse known as "Ye Liberty Theatre"; that ever since February 22, 1912, complainant has been and is now operating the theater named; that prior to the completion of the theater and in anticipation of its opening complainant "engaged certain performers and artists for different periods of time to do their act or specialty in connection with performances to be given at said Ye Liberty Theatre," advertising that in addition to moving pictures there would be at each performance at least three specialty acts consisting of entertainment by artists specially qualified to perform some unique or special act for the entertainment of the public; that in pursuance of the advertisements "complainant engaged under contract certain special artists as aforesaid including the respondent"; that respondent "is a comedian capable of performing a special, unique and extraordinary act and having special, unique and extraordinary qualities for the performance of said act and for the entertainment of the public"; that relying upon these "extraordinary personal and peculiar qualifications" of the respondent the complainant "did on or about the 14th day of February A. D. 1912 enter into a contract with said respondent a copy of which is hereto attached marked Exhibit A and made a part hereof"; that complainant has "performed all things required of him in and by said contract, Exhibit A," and that the contract is now in full force and effect; that the respondent arrived in Honolulu on March 11, 1912; that immediately upon his arrival complainant requested of him performance of his undertaking; that respondent declined to appear at Ye Liberty Theatre as by the contract required and announced his intention to perform "said special, unique and extraordinary act so contracted to be performed at Ye Liberty Theatre aforesaid" at the Bijou theater

in Honolulu operated and controlled by The Honolulu Amusement Company, Limited; that on March 11, 1912, respondent did perform at the Bijou theater said "special, unique and extraordinary act" and intends to continue the performance at the last named theater "for the period of three weeks and over"; and that in consequence of respondent's failure to perform at Ye Liberty Theatre complainant has suffered irreparable damage in that "he is unable to procure a reasonable and suitable substitute for the special, unique and extraordinary act contracted for by said respondent."

The contract referred to as exhibit A secures the services of the respondent as comedian "for a period of three or more weeks commencing on arrival" at Honolulu at "Ye Liberty Theatre" and contains a clause prohibiting the respondent from presenting his act or specialty in any other theater in Honolulu within a designated period of time.

The motion to dissolve should have been granted. The allegations of the bill do not show a right on the part of the present complainant, Young Chun, to obtain an injunction. The complainant does, indeed, allege in the bill that he has "engaged under contract" the respondent, but he attaches a copy of the contract, the only one upon which he relies. That contract recites that it was "made and entered into * * * by and between Mr. McGreer Ye Liberty Theatre of Honolulu, T. H., hereinafter designated by the term Manager and Blondy Robinson Vaudeville Artiste hereinafter designated by the term Artiste" and witnesses that "in consideration of the mutual promises and covenants herein contained and the further consideration of $1 each to the other in hand paid the receipt whereof is hereby acknowledged it is agreed by and between said Manager and said Artiste as follows." Then follows a statement of the terms of the contract, some of which are to be performed by the "said Manager", and the others by "said Artiste". The "said artiste", amongst other things, "agree to be engaged and employed by said Manager." No other party

Young Chun v. Robinson, 21 Haw. 70.

is named or indirectly referred to in the agreement. Upon its face it is the contract of "Mr. McGreer," acting for himself and not as agent for another. It is signed by the defendant and by "Mr. McGreer Mgr.", these words being followed in the next line by the words "Bert Levey Circuit."

In support of the bill and of the injunction plaintiff's counsel invokes the principle that ordinarily a principal, whether known or undisclosed, is entitled to the benefits of a contract entered into by his agent and may sue for its enforcement and the further principle that a third party, for whose benefit a contract is entered into by others, may likewise in his own name sue the promisor on the contract. Assuming the law upon these points to be as claimed, it nevertheless remains true that the bill must at least show that the person claimed to have acted as agent did act in that capacity and that the contract was the contract of the principal, or, as the case may be, that the contract was entered into for the benefit of the third party. With reference to these facts the present bill is silent. The allegations as made do not justify the inference that McGreer in entering into the contract in question did so as the agent of Young Chun or that the undertaking of the respondent was intended by the parties to the contract to be for the benefit of Young Chun. It is an elementary rule of pleading that essential facts must be pleaded with clearness and certainty. "Where the contract is in writing and appears on its face to be the personal contract of the agent only, it must be declared on as made by the principal through the agent." 16 Ency. Pl. & Pr. 901; *Pennsylvania Mutual Life Ins. Co.* v. *Conoughy,* 54 Neb. 123; *Buffalo Catholic Institute* v. *Bitter,* 87 N. Y. 250; *Harris* v. *R. R. Co.* 31 S. C. 88 (9 S. E. 690). "To authorize a temporary injunction the complainant must make out at least a prima facie showing of a right to the final relief." 22 Cyc. 754, 755.

It is unnecessary to consider whether the general rules above referred to concerning the right of action by principals, whether

known or unknown, or by third parties intended to be benefited by those entering into the contract, apply as against an actor of special, unique and extraordinary ability who has contracted to render his services to a named employer or whether such a case falls within the rule that one has the right to elect with whom he will deal.

Other grounds were named in the motion to dissolve but these likewise need not be determined. For the purposes of this case it is sufficient that upon the pleadings the injunction cannot stand.

The order appealed from is reversed, the injunction dissolved and the cause remanded for such further proceedings as may be appropriate.

*W. B. Lymer* (*Thompson, Wilder, Watson* & *Lymer* on the brief) for plaintiff.

*J. A. Magoon* and *N. W. Aluli* for defendant.