## CONSOLIDATED AMUSEMENT COMPANY, LIMITED, AN HAWAIIAN CORPORATION, *v.* W. R. HUGHES, VARIETY FILM EXCHANGE COMPANY, A FOREIGN CORPORATION, AND HENRY BREDHOFF.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

HON. T. B. STUART, JUDGE.

ARGUED MAY 12, 1915.                     DECIDED MAY 17, 1915.

ROBERTSON, C. J., WATSON AND QUARLES, JJ.

INJUNCTION—*right to must be clear.*

Temporary injunctions do not issue as a matter of right except in cases where the right to such relief is clear and beyond doubt.

SAME—*pleading.*

The probative facts—not conclusions—showing the right to a temporary injunction must be stated in the bill for injunction, else it will be denied.

SAME—*statute relating to contracts for personal service.*

Section 10, of the Organic Act creating the Territory of Hawaii, which prohibits suits upon contracts for personal service, except actions for damages for breaches thereof, does not prohibit injunctions to restrain the exhibition or dealing in motion picture films in violation of a contract not to exhibit or deal in such films.

APPEAL AND ERROR—*wrong reason for correct judgment.*

It is a well established rule that a judgment, order or decree will be affirmed on appeal if the record shows it to be correct, although the trial court may have given a wrong reason for making it.

OPINION OF THE COURT BY QUARLES, J.

The plaintiff filed its bill in equity in the circuit court of the first judicial circuit seeking to enjoin the defendants Hughes, the Variety Film Exchange Company, and Henry Bredhoff from exhibiting a motion picture film, known as Three Weeks, at the Popular Theatre in Honolulu, or elsewhere in the Territory of Hawaii, and from leasing or renting

the said film for exhibition in any place in the Territory of Hawaii. In its bill the plaintiff alleges that it is the owner of the three principal theatres in Honolulu and does an extensive film business throughout the Territory of Hawaii; that on January 14, 1915, the plaintiff and the defendant Hughes entered into a contract, which is attached to and made a part of the bill, wherein said Hughes agreed to do certain things not in question here. The fifth paragraph of the bill is in words and figures as follows: "That said Hughes has violated the terms of said contract by, without the consent in writing or any consent of plaintiff, associating himself with the Popular Theatre situated on the makai side of Hotel Street, between Bishop and Alakea Streets, in Honolulu, which is owned by the Variety Film Exchange Company, under the management and control of Henry Bredhoff. That said Hughes has procured from San Francisco and has now in Honolulu a feature motion picture film known as 'Three Weeks' and has arranged with said Variety Film Exchange Company to show and exhibit the same in said Popular Theatre for a season beginning Friday, May 7, 1915, and said Hughes also proposes to rent out said film in the Territory of Hawaii in competition with the film business of plaintiff. That the proposed action of said Hughes is in direct violation of his contract with plaintiff, and more particularly to that portion of said contract reading as follows: '(15) That said second party hereby agrees that he will not directly or indirectly during the period of three years from this date, in the Territory of Hawaii, engage in any theatrical enterprise of whatsoever nature, or in the giving of any motion picture shows, or in the dealing in motion picture films, without the consent in writing of said first party.'" The plaintiff alleged the insolvency of the defendant Hughes; that the exhibition of said motion picture film by defendants would damage it irreparably, such damages not being susceptible of estimation; that it had not agreed in writing or otherwise that said Hughes should exhibit said film. An order to show cause why a tem-

porary injunction should not issue against the defendants was made, whereupon the defendants appeared and the defendant Hughes filed his separate plea to the jurisdiction of the court on the ground that the contract set forth by the bill is one involving personal service, and by the provisions of section 10 of the Organic Act creating the Territory of Hawaii no remedy other than an action for damages will lie thereon. The defendants Variety Film Exchange Company and Henry Bredhoff filed their joint plea to the jurisdiction of the court upon the several grounds: (1) That the said contract is one for personal service; (2) that these defendants are not parties to the said contract; (3) that the bill does not show that these defendants are privies to the said contract; (4) that the bill fails to state a subject-matter as to these defendants over which the court has jurisdiction; (5) and that the bill fails to state a cause of action as to these defendants.

The circuit judge made no formal order either sustaining or overruling the said pleas, but dismissed the bill as to the defendants the Variety Film Exchange Company and Henry Bredhoff, which may be treated as sustaining, in effect, their plea, but retained the bill as to defendant Hughes, which may be treated as overruling, in effect, his plea. The circuit judge refused to grant a temporary injunction against the defendant Hughes and allowed an interlocutory appeal to this court.

The plaintiff insists that it was entitled to a temporary injunction as against all of the said defendants; against the defendant Hughes by reason of the stipulations in his contract, and against the other two defendants on the ground that they are associated with defendant Hughes in the violation of his contract. The principal authority cited by plaintiff to sustain this contention is that of *Grow* v. *Seligman,* 47 Mich. 607. A careful reading of this decision shows that the defendant therein, Jacob Seligman, built up and established at Bay City a business in clothing, hats, caps and furnishing goods under the name of "Little Jake;" that he sold same to plaintiffs, representing that

the name "Little Jake" was a trade-mark which was copyrighted by him, and in the contract of sale agreed that he would not sell, give or transfer the right to use said name to others; that he would not use it himself; and that he would not engage in the same kind of business at Bay City.   After the plaintiffs had conducted the business, so purchased by them from Jacob Seligman, for a period of about three years, doing a prosperous business, the said Jacob Seligman, Joseph Seligman and Frank Rossman procured a stock of clothing, hats, caps and furnishing goods and prepared to and were about to open a similar business in Bay City, advertising to open at a certain time under the name of "Little Jake, Rossman & Co."   The plaintiffs procured a temporary injunction, which was made perpetual, restraining Jacob Seligman, Joseph Seligman and Frank Rossman from doing such business at Bay City under the name of "Little Jake," and restraining Jacob Seligman from doing such business at Bay City under any name, individually or as a member of any firm or co-partnership.   On appeal the decree of the trial court was affirmed.   In the opinion the court, at page 611, said:   "It is also urged on the part of the defendants that the decree is too broad in restraining the defendants Joseph Seligman and Frank Rossman, who were not parties to the contract with complainants, from carrying on their business in any way or mode which would have been open to them if no such contract had been in existence. But under the facts shown by the bill and admitted by the answer it is plain that the use of the name 'Little Jake' in the business of these two defendants at Bay City, would be calculated to lead the public to suppose that the defendant Jacob Seligman was associated in the business with them.  If he is associated with them in fact, it is a violation of his agreement and a wrong to the complainants in which all the defendants unite; if not associated with them, the use of the name is calculated to mislead the public to the prejudice of complainants.   That the purpose of making use of the name in their new business at Bay City was to deprive complainants

of the advantages for which they had paid when they purchased Jacob Seligman's business, is charged by the bill and admitted by the answer; and that was a distinct wrong in which all of the defendants united. It was a wrong whereby they expected to appropriate the good-will of a business which belonged to complainants; and the decree is no broader than is essential to preclude its consummation."

It will be noted that the court in that case did not restrain Joseph Seligman and Frank Rossman, the two defendants who were not parties to the contract in question there, from doing a similar business, but only restrained them from using 'a trade-name. No such question arises here. No question of using a trade-mark or established trade-name or of appropriating the good-will of an established business is involved here. The Variety Film Exchange Company, and its manager, Bredhoff, are not parties to the contract, the violation of which is sought. to be enjoined. There is no allegation in the bill that the defendants, other than Hughes, knew of the existence of such contract. A party to a contract will not be enjoined from breaking it when such action would compel him to break a contract with an innocent third person to the injury of the latter (22 Cyc. 854). Temporary injunctions do not issue as a matter of right except in cases where the right to such relief is clear and beyond doubt. Unless the right to a temporary injunction is clear the same rests in the discretion of the trial court or chancellor, but any abuse of such discretion, either in granting or refusing, will be ground for reversal on appeal (22 Cyc. 746-749). It is not sufficient to state conclusions. The probative facts must be stated in the bill for an injunction or it will be denied (10 Ency. Pl. & Pr., 925, 926, and authorities cited in note 1, p. 926). "To authorize a temporary injunction the complainant must make out at least a *prima facie* showing of a right to the final relief" (22 Cyc. 754, 755; *Young Chun* v. *Robinson,* 21 Haw. 70, 73). The rule as to enjoining violations of a contract is stated in 22 Cyc. 866, as follows: "Before the court will en-

join a breach there must be no doubt about the validity of the contract, and its terms must be clearly proved and the fact of breach established beyond doubt." The case at bar does not allege that the defendant Hughes and the Variety Film Exchange Company are acting as partners, or that the latter is acting as agent; nor are the facts alleged showing how or in what manner they are associated together. The bill does not allege facts which show that the defendant Hughes "arranged" with the defendant Variety Film Exchange Company to exhibit the said film. Every allegation in the bill may be true and yet the Variety Film Exchange Company may, without any knowledge of the contract between plaintiff and Hughes, have procured the film from Hughes, and may be exhibiting it without the latter participating in the exhibition at all or being financially interested therein; and if that be the case the plaintiff is not entitled to an injunction against the Variety Film Exchange Company restraining it from exhibiting the said film. The allegations of the bill lack that certainty required to authorize a temporary injunction. Hughes may be a partner in the venture of exhibiting the said film, and if that be true, under the rule announced in *Grow* v. *Seligman,* supra, Hughes might be enjoined from exhibiting the film individually or as a partner of someone else or by another as his agent. It may be that the Variety Film Exchange Company is the agent of Hughes and as such is exhibiting said film. If that be true it could be enjoined from exhibiting the film as such agent. But there are no allegations of such facts in the bill. The pleader might well have alleged that Hughes "arranged" with the Variety Film Exchange Company for the latter to exhibit the said film, when the arrangement consisted of a sale or leasing of the film, and the said Hughes have no financial interest whatever in its exhibition and nothing to do therewith. The allegation in the bill that Hughes "proposes to rent out said film in the Territory of Hawaii in competition with the film business of the plaintiff," does not sufficiently show an impending violation of the contract

between him and the plaintiff. "The bill must allege, especially where a preliminary injunction is sought, that injurious acts are about to be done, and not merely that they have been already accomplished, and it must be shown that there is imminent and actually impending danger of the plaintiff's rights being violated" (10 Ency. Pl. & Pr. 947, 948). "The threatened injury must, however, be clearly impending, and it is generally not sufficient to show mere threats to do the thing sought to be enjoined. Some overt act toward carrying out the threat must usually be shown" (22 Cyc. 757, 758). It would be proper for the circuit judge to allow the plaintiff to amend its complaint as to actually impending future violations of its contract with Hughes, by him, if it should be so advised. We are clearly of the opinion that the denial of the temporary injunction was correct as to all three of the defendants.

The reason assigned by the circuit judge for refusing a temporary injunction was expressed by him as follows: "I think the Organic Act, as well as the common law, covers the proposition that the plaintiff is not entitled to this remedy by injunction." The circuit judge having retained the bill as to the defendant Hughes, evidently intending to give the parties a final hearing as to the matter of a perpetual injunction against the defendant Hughes, we deem it proper to express our views as to the application of the provisions of section 10 of the Organic Act relating to the specific performance of contracts for personal service to this case. The contract alleged is not a contract for personal service in so far as it relates to the exhibition or dealing in motion picture films, and only to that extent is the contract in question here. It does contain a stipulation wherein the defendant Hughes agreed not to exhibit or deal in motion picture films in the Territory of Hawaii, and to that extent the contract is not one of the class of contracts which section 10 of the Organic Act provides shall not be enforced, but for a violation of which the parties must be relegated to an action for

damages. Hence that section has no application to the matters involved in this suit.

The plaintiff contends that the circuit judge having relied on the Organic Act for authority for refusing the temporary injunction, that the order denying such injunction must be reversed. We do not take that view. It is a well established rule that a judgment, order or decree will be affirmed on appeal if the record shows it to be correct, although the trial court may have given a wrong reason for making it.

The decree appealed from is affirmed without prejudice to the right of the plaintiff to apply for leave to amend its bill, if it should be so advised, with costs to the defendants.

*J. A. Magoon* for plaintiff.

*C. H. McBride* for defendants.