(75 South. 966)

## EDMUNDSON–RANDLE DRUG CO. v.
## PARTIN MFG. CO. et al.
### (6 Div. 460.)

(Supreme Court of Alabama.   May 10, 1917.)

1. INJUNCTION ☞60—CONTRACT FOR PERSON-
AL SERVICES.

Where a manufacturing company contracted
with a drug company to engineer an exclusive
prize contest calculated to increase the sales of
the drug company, on the manufacturing com-
pany's breach the drug company was entitled to
have its contract for personal services nega-
tively enforced by enjoining its breach.

[Ed. Note.—For other cases, see Injunction,
Cent. Dig. §§ 117–119.]

2. INJUNCTION ☞163(3)—DENIAL OF TEMPO-
RARY WRIT—DISSOLUTION—INEQUITY.

Where a manufacturing company agreed
with one drug company to conduct an exclusive
prize voting contest to increase sales, and there-
after contracted with other drug companies in
the same locality who did not know of the con-
tract with the first company and expended their
money and labor in the initiation of the scheme;
in the first company's suit to compel the manu-
facturing company to perform its contract, the
judicial discretion of the court is properly exer-
cised in denial of temporary writ of injunction
against the two companies or in its subsequent
dissolution if improvidently granted in the first
instance.

[Ed. Note.—For other cases, see Injunction,
Cent. Dig. §§ 359, 360, 367.]

Appeal from City Court of Bessemer; J.
C. B. Gwin, Judge.

Bill by the Edmundson-Randle Drug Com-
pany against the Partin Manufacturing Com-
pany and others, to enjoin certain prize vot-
ing contests. From the granting of a motion
dissolving the temporary injunction granted,
complainants appeal. Affirmed.

Complainant is engaged in the drug busi-
ness in Bessemer, the Partin Manufacturing
Company is a foreign corporation, and the
Edwards-White Drug Company and the Lew-
is-Read Drug Company are both doing a
drug store business in or near Bessemer.
The purpose of the bill is to enjoin the Par-
tin Manufacturing Company from putting on
and conducting, or aiding in conducting, a
certain scheme for increasing the business of
the respondent drug company by the use and
distribution of a number of valuable prizes
in voting contests, which prizes are supplied
by the Partin Manufacturing Company, for a
valuable consideration in money, and its
guaranty of a definite increase in business,
and also to enjoin said drug company from
proceeding with said scheme under their
contract with the said Partin Manufacturing
Company. The gravamen of the bill is that
complainant, who is a business competitor
of said respondent drug company, entered
into a prior contract with said Partin Manu-
facturing Company, to put on and conduct
for complainant the identical scheme, and
that said Partin Drug Company's salesmen
and agents who contracted with plaintiff in
the premises, while acting in the scope of

his authority, expressly agreed with com-
plainant that it should have the exclusive
right to operate, within the district named,
said business-getting scheme under the di-
rection of, and with the aid and advice of,
said Partin Company's representatives who
would be sent to Bessemer for that purpose.

The bill alleges that after said Partin Com-
pany's agents had come to Bessemer and start-
ed to put on the deal for complainant, they
were halted and recalled by their principal,
and soon thereafter complainant learned that
said Partin Company had violated its con-
tract with complainant by contracting to put
on the same scheme for the respondent drug
company, and by actually doing so to its rep-
resentatives. The bill shows that complain-
ant gave its notes to the Partin Company
for $398 for the goods and services rendered,
and to be furnished by it. It is not alleged
that the respondent drug companies, or either
of them, had any knowledge as to complain-
ant's prior contract with the Partin Com-
pany, or any obligation on its part not to
conduct such an enterprise for any other drug
store business in that territory. General and
special demurrers were filed by both of the
respondent drug companies. A sworn answer
was filed by the Lewis-Read Drug Company,
denying that complainant had any exclusive
right, or any valid contract therefor in the
premises, and denying also all the other equi-
ties of the bill. This answer attaches as ex-
hibits copies of the written contract several-
ly made with the Partin Drug Company,
with complainant and respondent drug com-
panies, showing that the Edwards-White
Company had purchased thereunder prizes to
the amount of $398, and the Lewis-Read Drug
Company to the amount of $1,250, besides a
$600 prize on the outside, to be distributed as
aforesaid. The answer also avers that re-
spondent will suffer a great pecuniary loss
if its enterprise is now interfered with. A
temporary injunction is issued on the filing
of the bill, and the respondent drug company
moved for its dissolution, for want of equi-
ty in the bill, and upon the sworn answer
filed, and the affidavits in support thereof,
which motion was granted.

Estes & Jones, of Bessemer, for appellants.
Huey & Welch, of Bessemer, for appellee.

SOMERVILLE, J.   The principle here in-
voked by the complainant company has been
stated by Mr. Pomeroy as follows:

"Where one person agrees to render personal
services to another, which require and presup-
pose a special knowledge, skill, and ability in
the employé, so that, in case of default, the same
services could not easily be obtained from others,
although the affirmative specific performance
of the contract is beyond the power of the
court, its performance will be negatively en-
forced by enjoining its breach." Pom. Spec. Perf.
(2d Ed.) § 24.

This assumes, of course, that the threat-
ened breach will result in injury to the com-

plainant, for the redress of which his legal remedies are inadequate.

[1] We think the allegations of the bill make a case for complainant within the operation of this principle. 22 Cyc. 844, ·C; 5 Pom. Eq. Jur. (3d Ed.) § 296; Iron Age Pub. Co. v. W. U. T. Co., 83 Ala. 498, 3 South. 449, 3 Am. St. Rep. 758. Hence, so far as the respondent, the Partin Manufacturing Company, is alone concerned, the equity of the bill would authorize and support the writ of injunction granted by the court below.

[2] But the bill shows that the local respondents, the two drug companies, have innocently contracted with the Partin Company, and have expended their money and labor in the initiation of the scheme propounded by the Partin Company, and that interference with them now will inflict upon them undeserved loss and inconvenience.

In such a case as this, we think the judicial discretion is properly exercised in the denial of the temporary writ, or in its subsequent dissolution if improvidently granted in the first instance. This policy is, indeed, fully sustained by· the authorities. Roosen v. Carlson, 46 App. Div. 233, 62 N. Y. Supp. 157; Foster v. Ballenberg (C. C.) 43 Fed. 821; Amusement Co. v. Hughes, 22 Hawaii, 554; 22 Cyc. 854, d; 5 Pom. Eq. Jur. (3d Ed.) § 221, p. 498.

In this view of the case, we need not, and do not, consider other questions raised and argued by counsel.

The decree appealed from will be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD, and THOMAS, JJ., concur.