## HARRIS v. RAILROAD COMPANY.

A. made a written, unsealed contract in his own name with a railroad company for the delivery of pine wood for fuel, the contract stipulating that this contract or any rights thereunder should not be transferred or assigned by A. to any other party without the consent of the company endorsed thereon. B., for whom A. was acting, sued the company upon this contract in his own name. Leave was granted B. at the trial to amend the complaint by alleging that the contract was made by A. for B.'s benefit; but B. declined to amend, whereupon the trial judge ordered a non-suit. *Held*, that under the pleadings B. was not entitled to prove any interest under this contract.

Only result concurred in.

Before HUDSON, J., Fairfield, September, 1888.

This was an action by Furman Harris against the Richmond & Danville Railroad Company, commenced August 10, 1887. The opinion states the case.

*Mr. Osmund W. Buchanan*, for appellant.

*Mr. John C. Haskell*, contra.

April 23, 1889. The opinion of the court was delivered by

MR. JUSTICE McGOWAN. Furman Harris, the plaintiff, sued the defendant company for $184.90, balance on an account for delivering to the company 500 cords of pine wood at $1.40 per cord. The complaint, among other things, alleged "that on the day of      , 1884, the plaintiff and the defendant company entered into an agreement in writing, whereby the said company, in consideration of the delivery to their order, &c., of five hundred cords of pine wood, agreed and contracted to pay for the same at the rate of one dollar and forty cents ($1.40) per cord; that the plaintiff, in pursuance of the stipulations in said contract, delivered said wood in the manner therein named, whereby the said company became indebted to him in the sum of seven hundred dollars; that at divers times the said company paid to plaintiff different sums, amounting to five hundred and

fifteen dollars; that the remainder, $184.90, has been long due and demanded, but defendant refuses to pay the same," &c.

The defendant company put in a general denial; and upon the trial T. W. Woodward was sworn, who testified that, as the friend of Harris, the plaintiff, he did secure a written contract from the company to pay for 500 cords of pine wood at $1.40 per cord upon delivery; that the contract was for the benefit of Harris, but he did not disclose the fact that he was acting for another, and the contract was drawn up in his name, and signed by himself and G. R. Talcott, superintendent of the company. The defendant objected to the testimony and required the production of the written contract. It was produced, and was found to be a carefully drawn contract: "Memorandum of an agreement between T. W. Woodward, of Fairfield County, of the first part, and the company of the second part," &c., and, after making other stipulations as to the character and delivery of the wood, provided as follows: "And in consideration thereof the said party of the second part agrees to pay the said party of the first part for fulfilling this contract, &c, &c. And in the event the said party of the first part shall neglect to fulfil the stipulations of this agreement to be performed on his part, then the ten per cent. reserved as aforesaid, &c. * * * And it is hereby expressly agreed by the parties hereto that this contract, or any obligation or right thereunder, shall not be transferred or assigned by the party of the first part to any other party without the consent of the party of the second part endorsed thereupon," &c.

Upon the close of the plaintiff's testimony, the attorney for the defendant made a motion for a non-suit, upon the ground that the plaintiff had not shown that he ever had any contract with the defendant company. The judge refused the motion for non-suit, but offered to grant an order giving leave to amend the complaint, so as to insert an allegation "that the contract sued upon, though made in the name of T. W. Woodward, was nevertheless for the benefit of the plaintiff, who was the principal"— stating that the amendment was allowed to conform the pleadings to the proof. But the plaintiff's attorney, for the reason that the amendment would postpone the trial of the case, declined to move for the order allowing the amendment; whereupon the

judge granted the non-suit, upon the ground that there was a total failure of proof as to the allegation of written contract between the parties.

From this order the plaintiff appeals upon the following grounds: "1. That his honor erred in holding that there was a total failure of proof of the cause alleged in the complaint, when there had been introduced in evidence a written contract signed upon the part of the defendant and by T. W. Woodward, and in his name, who, after being duly sworn, testified that he was but the agent of the plaintiff and authorized to make said contract, and contracted with defendant for the said plaintiff in pursuance of said agency; and when the undisputed evidence showed that the plaintiff was the real party in interest, and entitled to the relief demanded in the complaint. 2. That his honor erred in not holding that the proof was sufficient and ample to go to the jury, and was in furtherance of the cause set out in the complaint, and consistent therewith, and supported the allegation of the complaint, and therein was no error of law."

We do not clearly see how one, through an undisclosed agency, can make himself a contractor with another, without the knowledge or consent of the latter. It strikes us that one capable of contracting, has the right to know with whom he is entering into the reciprocal relations of a contractor. There is, however, no doubt that Woodward could enforce all the rights conferred upon him by the contract which the company made with him. And there is certainly respectable authority for the doctrine contended for by the plaintiff, that where the agent is the only known and ostensible party, or where the agent has made a contract, not under seal, in his own name for an undiscovered principal, either the agent or the principal may sue on it (or be sued on it), the defendant in the latter case being entitled to be placed in the same situation at the time of the disclosure of the real principal, as if the agent had been the contracting party. See *Story Agency*, §§ 393 and 410; 2 *Sm. Lead. Cas.* (6 ed.), 855; *Sims* v. *Bond*, 5 B. & Adol., 389; *Dupont* v. *Mount Pleasant Ferry Company*, 9 Rich., 258.

But, for the purposes of the case, assuming this to be correct, the question as to the pleadings still remains. If the dormant

principal, with whom the defendant did not contract, may sue upon the contract, assuredly he can only do so upon proper allegations made in accordance with the facts. We incline to think that the judge was right in the first instance, when he proffered to grant leave to amend the complaint, by inserting the allegation that the contract sued on, though made in the name of T. W. Woodward, was nevertheless for the benefit of the present plaintiff, who was the principal. But the offer to amend being refused, and the complaint remaining unchanged, we cannot say that the judge erred in granting the non-suit, or dismissing the complaint. One of the first principles of pleading is, that the facts must be stated as they are, and not according to their legal effect. The allegations must be of naked actual facts. while the rules of law applicable thereto, and the legal rights and duties arising therefrom must be left entirely to the court. It is also as a rule of evidence elementary, that the *allegata* and *probata* must correspond. "The requirement, therefore, that the cause of action or the affirmative defence, must be stated as it actually is, and the proofs must establish it as stated, is involved in the very theory of pleading." *Pom. Rem.*, §§ 554 and 564.

Now, the allegation in the complaint was, that the defendant company contracted with the *plaintiff*, thereby agreeing to *pay him* according to the various stipulations stated, while the written agreement offered in evidence was, that the contract was made with a different person (T. W. Woodward), not as the agent of the plaintiff or of any other person, but in his own individual name, to whom the money on the contract was to be paid. and the payments made were actually paid; and containing the express stipulation that neither the contract nor any obligation or rights under it, should be transferred or assigned to any other party "without the assent of the company endorsed thereon." It is said that there was no effort to assign, and that there was in fact no necessity for such assignment, as the evidence abundantly showed that it was originally and continued to be the contract of the plaintiff, the principal. The question is not whether the evidence (received under objection) was or was not sufficient, but whether, under the complaint, without amendment, it was admissible at all. Without now going into the question whether such

parol testimony, directly contradicting the express terms of the written agreement, was admissible, we think it is enough to say that in the complaint there was no allegation whatever to support and authorize the introduction of such testimony.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.

MR. CHIEF JUSTICE SIMPSON and MR. JUSTICE McIVER concurred in the result.