### 7907

### TIMMONS v. BOYD.

SPECIFIC PERFORMANCE—TENDER.—Where in a proceeding to revive a judgment, served on the heirs at law, of judgment debtor, it is agreed between the creditor and one heir in writing that her answer pleading payment should be withdrawn and that the judgment should be revived, the land sold thereunder, bought by the creditor for amount due on debt, and conveyed to this heir for life and then over upon payment of the amount due and interest, such heir remains in possession during her life and during this time makes tender, which is refused, the readiness of her remaindermen after her death to make good her tender vests the fee in them.

Before MEMMINGER, J., Williamsburg, June, 1910. Reversed.

Action by Mary J. S. Timmons *et al.* against M. L. Boyd *et al.* Plaintiffs appeal.

*Messrs. Kelley & Hinds,* for appellants, cite: *Withdrawal of answer is sufficient consideration for agreement to convey:* 9 Cyc. 311, 315; 12 L. R. A. 463, 465; 5 Pet. 99; Par. on Con. 440, 444; 2 Kent. Com. 465; 2 Am. St. R. 317; 5 Am. St. R. 401; 9 Am. St. R. 422; 3 Hill 41. *Plaintiff may maintain the action:* 20 Ency. P. & P. 425; Dud. 332; 31 S. C. 87; 1 Rich. 270. *This claim is not stale:* 16 Cyc. 174; 1 How. 56; 4 L. R. A. 434; 129 U. S. 730; 3 Jones Eq. 84; 3 Paige 466; 22 Ency. 1059, 1060, 606; 7 Mich. 405; 139 Pa. 429; 32 W. Va. 614; 54 Mich. 518; 62 S. C. 89; 62 S. C. 306; 10 L. R. A. 128; 128 Ill. 540; 47 S. C. 202; 13 P. & P. 203, 205; 82 Ill. 466; 56 S. C. 235; 55 S. C. 20; 26 S. C. 168; 2 S. C. 145; 11 Rich. Eq. 31; 2 Story Eq. Jur., sec. 1520; 1 Pom. Jur. 419; 82 Va. 518; 35 Ch. D. 94; 25 Cyc. 1056; 13 Ency. 677. *If the life tenant complied with the agreement it inures to the benefit of the plaintiffs:* 9 Cyc. 247.

*Messrs. Lee & Fishburne* and *Gilland & Gilland,* contra,
cite: *Contract relied on is without consideration:* 26 Ency.
25; Frye on Spec. Per., sec. 92; 6 Ency. 677-8, 756; 9 Cyc.
316; 97 Am. Dec. 355; 68 S. C. 221. *Appellants were not
parties in any way to the original contract:* Frye on Spec.
Per. 82, 84-5; 2 Hill Ch. 139; 1 Rich. L. 268; Dud. 332;
3 Strob. L. 196; 31 S. C. 87; 71 Am. St. R. 169. *Can
defense of laches be raised by demurrer?* 12 Ency. P. & P.
832, 834-5; 6 P. & P. 404, 40; 2 Am. St. R. 791; 23 Am. St.
R. 149; 91 Am. Dec. 516; 52 S. C. 367; 26 Ency. 82; 31
S. C. 276; 62 S. C. 88. *The cause of action accrued on
alleged breach:* Harp. Eq. 270; 7 Rich. Eq. 230. *Allega-
tions of tender, demand and refusal on behalf of plaintiffs
are necessary:* 20 Ency. P. & P. 457; 53 S. C. 572.

May 11, 1911. The opinion of the Court was deliv-
ered by

MR. JUSTICE HYDRICK. This appeal is from an order
sustaining a demurrer to the complaint herein, which, omit-
ting unnecessary details, alleges: That S. B. Green died, in
1882, seized of a certain tract of land in Williamsburg, con-
taining 1,300 acres; that judgment had been rendered
against him in the Court of Common Pleas for said county,
in 1867, in favor of Sarah A. Steele for $285; that D. Z.
Martin became the owner of said judgment, and, in 1885,
caused a summons to be issued out of said Court, directed to
the heirs of S. B. Green, requiring them to show cause why
said judgment should not be revived; that issue was there-
upon joined by the filing of an answer by Margaret Julia
Green, one of the heirs, pleading payment among other
things; that said issue was pending until February, 1887,
when, in consideration of the withdrawal of her answer
and of her consenting to the revival of said judgment, said
Martin agreed, in writing, with said Margaret Julia Green,
as follows: That said tract should be sold under said judg-
ment and bought by him for the amount due thereon, and

he would allow her to pay him the purchase money, with interest, and convey the same to her for life, and after her death to any child or children of said S. B. Green living at the time of her death, but if there were none such, then said tract should revert to said Martin; that, pursuant to the agreement, the land was sold, in December, 1887, and bought by Martin for $455, the amount then due on the judgment, and said Margaret Julia Green remained in possession thereof until her death, in 1905; that in June, 1888, she tendered Martin the amount due him under the contract in compliance therewith, but the tender was refused; that plaintiffs are and have ever been ready and willing to make good said tender; that at the death of Margaret Julia Green, the plaintiff, Mary J. S. Timmons, and Annie E. Skinner, who has since died, leaving the other plaintiffs as her heirs, were the only living children of S. B. Green; that Martin died in 1908, leaving a will of which the defendants Boyd and Tisdale are executors, and by which he devised all his real estate to the defendants. Judgment for specific performance of the contract was prayed for. The defendants demurred to the complaint for insufficiency on the ground that it appears therein: 1. That said agreement was without consideration. 2. That plaintiffs were not parties to the agreement or privies to the consideration thereof; and have no right to enforce it, there being no mutuality therein. 3. That plaintiffs are barred by laches. 4. Because it does not appear, that plaintiffs are or have been in possession of said land and have themselves offered to comply with said contract and their offer has been refused. The demurrer was sustained on all the grounds stated.

The withdrawal of her answer and allowing the judgment to be revived without further contest was sufficient consideration to support the agreement alleged to have been made by Martin with Margaret Julia Green. In *Corbett v. Cochran,* 3 Hill 41, the Court said: "The consideration to support an agreement need not of necessity be a pecuniary

one, nor even a beneficial one to the person promising. If it be a loss or even an inconvenience to the promisee, the relinquishment of a right, as the discharge of a debt, or the postponement of a remedy, as the discontinuance of a suit, or a forbearance to sue it is enough." A third person may enforce a valid contract made for his benefit. *Duncan* v. *Moon,* Dud. 332; *Brown* v. *O'Brien,* 1 Rich. 270; *Harris* v. *R. R. Co.,* 31 S. C. 87, 9 S. E. 690.

When Margaret Julia Green tendered Martin the amount due him, she did all that the agreement or law required her to do to fix her rights and those of the plaintiffs thereunder. From that time, she could safely rest upon her possession of the land, and was bound to do nothing more, until some attempt was made by Martin or those claiming under him to disturb her possession. Why should she have incurred the trouble and expense of a litigation with Martin, so long as he refrained from interferring with her right to the possession during her life? 22 A. & E. Ency. L. 1059 *et seq.;* 16 Cyc. 174; *Ortweir* v. *Thomas,* 4 L. R. A. 434. Her continued possession under the contract in the face of Martin's legal title was ripening and strengthening her claim to the land and his acquiescence therein was correspondingly weakening his. There was therefore as much if not more reason for him to act than for her. Until her death, the other parties for whose benefit the contract was made could take no steps to enforce it, because until that event occurred it was not certain who would be entitled to the benefit of the contract. The tender made by Margaret Julia Green inured to the benefit of all parties who were or might be interested in the contract. Therefore, it was not necessary for plaintiffs to make another tender. They allege that they are and have ever been ready and willing to make good the tender which was made for their benefit as well as for that of Margaret Julia Green, and that is enough.

Reversed.