## 12048

### GENERAL MOTORS ACCEPTANCE CORPORATION v. HUTTO ET AL.

#### (134 S. E., 232)

1. BAIL.—Bond given by defendant on incarceration by bondsmen on bond given, under Code Civ. Proc. 1922, § 450, on previous order of arrest, in accordance with Section 441, providing for payment of judgment or compliance with insolvent debtor's statute, may be sustained as common-law undertaking.

2. BAIL.—Bond given by defendant after incarceration by bondsmen on bond given under Code Civ. Proc. 1922, § 450, requiring him to pay judgment obtained, or comply with insolvent debtor's

statute, *held* not invalid for failure to name obligee, in view of Code Civ. Proc. 1922, § 354.

3. CONTRACTS.—Parties may contract for benefit of third persons.

4. ARREST.—Clerk *held* not required to publish notice under insolvent debtor's statute without tender of fees, costs, and expenses in advance.

Before TOWNSEND, J., Richland, May, 1925. Affirmed.

Action by The General Motors Acceptance Corporation against M. P. Hutto and others. Judgment for plaintiff and defendants appeal.

*Messrs. John H. Cooper* and *Theodore & Adams,* for appellants, cite: *Assignment of bond must be shown before one not the obligee can recover on it:* 4 McC., 18; 1 McC., 299; 1 N. & McC., 582; Harper, 389; 2 Strob., 166. *Procedure for discharge of prisoner as insolvent debtor:* Code Civ. Proc. 1922, Sec. 800.

*Messrs. Frank G. Tompkins* and *Heyward Brockington,* for respondent, cite: *Though no obligee named in bond, party in interest may sue:* Code Civil Procedure 1922, Secs. 354 and 360. *Party may contract for benefit of third party:* 94 S. C., 125; 89 S. C., 11; 82 S. C., 284; 31 S. C., 87; 3 Strob., 196; 1 Rich., 268. *Same; where party not named and instrument under seal:* 103 S. C., 55; 9 C. J., 86. *The Code is only general statutory law in this State:* Code of 1922, Vol. 1, page 5 of preface. *Sureties on prison bound bond liable for debt of prisoner:* 13 S. C. L., 84; 2McC. Law, 84. *Where bond not in proper form:* 28 S. C., 47; 17 S. C., 1.

August 9, 1926.

The opinion of the Court was delivered by MR. ACTING JUSTICE C. J. RAMAGE.

This is an action upon a bond for $2,500.00 executed by defendant debtor, M. P. Hutto, and by his codefendants, Hughes and Neese, as sureties in an action brought by the plaintiff against Hutto under the following circumstances:

On November 2, 1921, the plaintiff corporation was indebted to a certain corporation of Atlanta, Ga., in the sum of $1,424.57, and issued its check for that amount, but, instead of issuing it to the real creditor, through error issued and mailed it to a corporation located in Columbia, S. C., with a somewhat similar name, of which the defendant, Hutto, was manager. Hutto, knowing that a mistake had been made, cashed the check, and appropriated the proceeds to his own use.

After futile efforts on the part of the plaintiff to obtain an accounting from the defendant, Hutto, for the money thus fraudulently obtained by him, the plaintiff brought an action against Hutto for the amount with interest, on July 7, 1922.

At the time of the service of the summons and complaint, upon a proper affidavit, his Honor, Judge Whaley, of the County Court of Richland County, issued an order for the arrest of the defendant under the arrest and bail chapter of the Code of Civil Procedure, § 441, *et seq.,* holding him to bail in the sum of $1,500.00. The defendant was arrested under said order, and was released upon the execution of a bond under Section 450, with C. H. Baker and J. H. Bonnette as sureties.

On May 21, 1923, the defendant, Hutto, having defaulted in appearing at the trial in the action begun July 7, 1922, his Honor, Judge Whaley, signed an order rendering judgment against him in favor of the plaintiff for $1,568.30 and costs $17.80, and directing the issuance of an execution against the person of the defendant, in the event that the execution against his property be returned unpaid, in whole or in part, as provided for in Section 608. Judgment was duly entered up and execution issued. The execution was returned *nulla bona* by the Sheriff.

Thereafter, on November 5, 1923, the plaintiff entered suit against Hutto and the two bondsmen, Baker and Bonnette, upon the $1,500.00 bond above described. The bonds-

men, in some way unexplained, secured the rearrest of
Hutto and his incarceration in the common jail of Rich-
land County, and on the ——— day of November, 1923,
gave notice of a motion to be made on November 17, 1923,
for an order exonerating them from liability as such bonds-
men. On November 24, 1923, his Honor, Judge Whaley,
signed an order "that said defendants, J. H. Bonnette and
C. H. Baker, are now fully and completely exonerated as
bondsmen, and the said bond is now null and void, and
of no further effect."

It is assumed that this order was based upon Sections
451, *et seq.*, of the Code. Whether it was justified under
these sections in connection with Section 450 is not open to
consideration, as no appeal has been taken from this order.

Three days prior thereto, on November 21, 1923, upon
a petition filed by Hutto that he intended to take the benefit
of the insolvent debtor's act, his Honor, Judge Whaley,
had signed an order discharging Hutto from custody upon
his furnishing to the Clerk of Court for Richland County
a bond in the sum of $2,500.00, conditioned as follows:

"That the defendant M. P. Hutto shall pay the judgment
obtained herein, together with all the costs and expenses
accruing from time to time, or that he, the said M. P.
Hutto shall comply with the statutes made for the benefit
of insolvent debtors by filing the schedules and making
the assignments required of insolvent debtors, and shall ob-
tain his discharge in the manner required by law, and shall
at all times hold himself amenable to the processes of the
Court, and subject to the orders of the Sheriff of Richland
County, S. C."

The required bond was furnished by Hutto, with the de-
fendants, Ben A. Hughes and Elvin Neese, as sureties, and
Hutto was released from custody.

On November 24, 1923, the defendant, Hutto, filed with
the Clerk of Court, under oath, a statement of his assets
and liabilities, $5,213 and $3,304, but did not accompany it

with "the deeds, notes, or vouchers relating thereto and the names of the witnesses to the same," as required by Section 799 of the Code. That was all that was done by Hutto in furtherance of the requirements of the chapter relating to the "discharge of prisoners as insolvent debtors" (Section 799, *et seq.,* of the Code) prior to the commencement of the present action.

On or about November 1, 1924, the present action was instituted in the Court of Common Pleas of Richland County against Hutto and his bondsmen upon the bond of $2,500 required by the order of his Honor, Judge Whaley, County Judge, dated November 21, 1923, and came on for trial before his Honor, Judge Townsend, Circuit Judge, at May term, 1925. The plaintiff claimed that bond had been breached, in that the judgment against Hutto had not been paid, nor had Hutto complied with the statutes for the benefit of insolvent debtors in obtaining his discharge. The defendants, bondsmen, by demurrer, answer, motion for nonsuit, and motion for a directed verdict, sought to defeat the recovery on the bond by the plaintiff; and raised the questions hereinafter considered.

The plaintiff moved for a directed verdict for the full amount due upon the judgment against Hutto, $1,819.69, which was granted, and the defendants have appealed.

The first question which presents itself is the character of the bond sued upon. It is questionable whether the defendant, Hutto, after he had been incarcerated under a final process, was entitled at all to the relief afforded by the order of his Honor, Judge Whaley, dated November 21, 1923, permitting his release upon the terms stated. It appears that under the circumstances he was remitted to one or the other of two privileges: To pay the judgment, or to comply with the provisions of the insolvent debtor's act. No appeal was, however, taken from that order, and the question is not strictly before us. But, whether justified by the terms of the statute or not, the

bond was given, and may be sustained as a common-law undertaking.

"It is true that a bond, whether required or not, is good at common law, if entered into voluntarily, for a valid consideration, and if it is not repugnant to the letter and policy of the law, the surety on such bond is bound thereby. This is upon the just principle, that parties shall not be allowed to take advantage of their own wrong, and, after enjoying the benefits which the bond secured, then deny their liability." *Tinsley v. Kirby,* 17 S. C., 1. *Cavender v. Ward,* 28 S. C., 475; 6 S. E., 302.

The bond was not illegal in its provisions; was based upon a valuable consideration, the release of the debtor from prison, and is perfectly clear in its provisions that Hutto shall either pay the judgment which had been rendered against him or shall procure his discharge therefrom by pursuing the plain provisions of the insolvent debtor's act, neither of which it is conceded has been accomplished. Objection to the validity of the bond is made upon the ground that no obligee is mentioned.

In 9 *Corpus Juris,* 12, it is said:

"The omission, however, to designate a person as obligee will not render the bond void, where the identity of the obligee may be gathered from the whole instrument."

There can be no question from an inspection of the bond that it was executed in the case of the plaintiff against Hutto and refers to the judgment in that case. That it was given to protect the plaintiff in that case is beyond doubt. The bond refers to the "judgment," the order refers to the "judgment obtained herein," and both bond and order were made up in a case in which plaintiff's name appeared at the head of the caption of the case.

Code, § 354, provides that "every action must be prosecuted in the name of the real party in interest," and the real party "in interest" here is undoubtedly the plaintiff. The bond provided that the judgment should

be paid, and any holder of that judgment would have the right to sue and recover on it, if it should be breached. It is well settled that parties may contract for the benefit of third persons. Brandt on Suretyship and Guaranty (3d Ed.), § 154. *Brown v. O'Brien,* 1 Rich., 268; 44 Am. Dec., 254. *Thompson v. Gordon,* 3 Strob., 196. *Thomas v. Atkinson,* 94 S. C., 125; 77 S. E., 722. *Harris v. Railway Co.,* 31 S. C., 87; 9 S. E., 690. *Ancrum v. Water Co.,* 82 S. C., 284; 64 S. E., 151. And this is true where the parties are not named in the obligation, and the obligation is a sealed instrument. *9 Corpus Juris,* 86, § 152. *Mack Mfg. Co. v. Mass. Bond & Investment Co.,* 103 S. C., 55; 87 S. E., 439.

Exceptions 2, 3, 5 and 8 are dismissed.

Exceptions 4 and 6 refer to the question as to whether or not plaintiff had shown a breach of the terms of the bond. The evidence was conclusive that the judgment had not been paid; that M. P. Hutto had not complied with the statutes in reference to insolvent debtors; that he had not been discharged; and had not made the assignments, etc. In fact, the plaintiff made out a clear and convincing case, and one that fully satisfied the requirements of the law. A study of the case and exceptions will leave no doubt whatever on this point.

This leaves Exception 7, which raises the question as to whether or not the Clerk ought to have published the notice referred to in Judge Whaley's order. With some insignificant exceptions, the general rule of law is that whoever desires an officer to perform any particular act must, in order to force the officer to perform such act, tender the fees and costs and expenses in advance. That rule would apply with double force here, for the officer would be compelled to pay out of his own pocket the money to advertise this notice. No one could expect plaintiff to do this, as plaintiff would naturally oppose the discharge. To expect or require any one except M. P.

Hutto to pay the costs of the advertisement would be shocking to common sense. If he failed to pay this, then the notice could not be published and the terms of the order not carried out. Also the bond says Hutto is to pay "such costs and expenses accruing from time to time."

We see no error in anything Judge Townsend did. He displayed his usual fairness, clearness, and ability in the trial of this case, and the exceptions are dismissed, and the judgment below is hereby affirmed, and the appeal dismissed.

MESSRS. JUSTICES WATTS, COTHRAN, BLEASE, and STABLER concur.

MR. CHIEF JUSTICE GARY did not participate.