12839

GREER BANK & TRUST CO. v. WALDROP *ET AL.*

(151 S. E., 920)

July, 1928.

*Messrs. Blythe & Bonham,* and *Wood & Tigert,* for appellant,

*Messrs. Tolbert & Taylor,* for respondents,

February 20, 1930.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

An action was first commenced on September 10, 1927, by the First National Bank of Greer, against the defendant Ordelia Waldrop and her two stepsons, S. W. Waldrop and S. T. Waldrop, for the foreclosure of a mortgage upon the house and lot involved, given to the stepsons by Ordelia Waldrop to secure a note for $2,700, dated July 14, 1924. The note and mortgage were assigned by the mortgagees, on the day of its execution, to the First National Bank of Greer, as collateral to a note due by them to the bank for the same amount. The note was renewed from time to time; the last renewal being dated July 14, 1926, at which time there was due upon it $2,985.

The mortgage referred to was junior to certain other liens: (1) A mortgage by W. E. Waldrop, husband of Ordelia Waldrop, now deceased, who was at that time the owner of the premises, to one John M. Waddell for $2,000 dated

August 6, 1921; (2) A judgment in favor of Deaver-Kennedy Company against W. E. Waldrop, the husband, for $289.75, entered November 14, 1921, upon which there was due as of April 30, 1928, $432.65; (3) A mortgage by Ordelia Waldrop to Greer Bank & Trust Company, dated June 11, 1924, for $933.75.

The relative priorities of these supervening liens are in the order stated.

Notwithstanding the existence of these liens, none of the lienees were made parties to the action instituted by the First National Bank of Greer, and after its commencement, that is, on December 31, 1927, the Greer Bank & Trust Company instituted the present action to foreclose its mortgage which was junior to the Waddell mortgage, No. 1 above referred to, and to the Deaver-Kennedy judgment, No. 2 above, and senior to the mortgage of the First National Bank, making all three of the other lien creditors and the Waldrops parties defendant thereto. The first action instituted by the First National Bank of Greer appears to have been submerged in the present action.

There is no contest over the validity, amounts, or relative priorities of the three liens above described; there is a contest over the mortgage of Ordelia Waldrop to the First National Bank, and its validity is the only issue involved in this appeal.

In its answer to the complaint of the Greer Bank & Trust Company, the First National Bank set up its mortgage and demanded foreclosure, subject, of course, to the above-mentioned prior liens upon the property. To this answer the Waldrop defendants served an answer or reply, in which *"the making and signing of said note and mortgage by the defendant Ordelia V. Waldrop" is admitted;* and as a defense thereto they allege: "That the making of said note and mortgage was without consideration, as *the plaintiff* herein (referring evidently to *the defendant,* First National Bank) promised the defendant, Ordelia V. Waldrop, that

she would not have to pay said note and mortgage, nor would she be called upon for payment; that the mortgage would be used merely for the purpose of convincing the State and National Bank Examiner of the solvency and financial worth of the note which the defendants, S. W. Waldrop and S. T. Waldrop, were owing the plaintiff, the First National Bank of Greer, S. C.; that the said note and mortgage were secured through fraud practiced by the plaintiff."

By consent the issues of law and fact were referred to E. Inman, Esq., master of Greenville County, who filed a report holding: "The testimony entirely fails to convince me of any duress or fraud on the part of either bank in connection with said notes and mortgages, but on the contrary, I find as a matter of fact that there was no duress or fraud in connection with these papers either at the time of their execution or at any time since."

He recommended a sale of the property and an application of the proceeds to the lienholders in the order mentioned above: (1) The Waddell mortgage; (2) the Deaver-Kennedy judgment; (3) the Greer Bank & Trust Company mortgage; and (4) the First National Bank mortgage.

The Waldrops filed exceptions to the master's report, assigning error *only* in the conclusion of the master that there was no evidence of fraud or duress; *there was no exception contending that there was a want of consideration to sustain the mortgage assigned by the sons to the First National Bank*—a matter which does not appear to have been passed upon by the master, if in fact, as I shall discuss, it was presented by the answer of the Waldrops.

The matter then came on to be heard by his Honor, Judge Mauldin, upon the exceptions of the Waldrops to the report. He filed a decree dated July 25, 1928, in which he did not sustain the charge of duress and fraud; in fact, made no mention of the contention of the Waldrops in reference

to it, but held: "After giving the facts in this case very careful and thorough consideration I have reached the conclusion that there was no consideration for the execution of the mortgage by Mrs. Ordelia Waldrop to the First National Bank of Greer, S. C. The claims of alleged debts purporting to have been secured by this mortgage, being at the time of the execution of said mortgage, by Mrs. Ordelia Waldrop, past due obligations on the part of the defendants, S. T. Waldrop and S. W. Waldrop, and for which Mrs. Waldrop was in no way liable, she having been induced and persuaded, without any consideration moving to her, to sign this mortgage and the note it purports to secure."

He directed a cancellation of the mortgage of the First National Bank and a sale of the premises, the proceeds to be applied to the first three liens above referred to. From this decree the bank has appealed upon exceptions which fairly raise the questions hereinafter considered.

It appears to us that the Waldrops, even in their answer, have not raised the question of want of consideration; they allege, in support and in explanation of the bald charge, "that the making of said note and mortgage was without consideration," circumstances that tend to sustain an entirely different matter, to wit, that the mortgage was procured by a false promise as to its purpose and the use which was to be made of it; that Mrs. Waldrop would not be called upon to pay it (etc., as above set forth in the extract from the answer). She bases her allegation of want of consideration upon the statements to which she and her son testified, and she charges that the making of these statements constituted a fraud upon her, inducing her to sign the mortgage. In other words, she bases her charge of fraud and want of consideration upon the same state of facts. Both the master and the circuit Judge have failed to sustain the allegation of fraud. Since she bases her charge of want of consideration upon the same facts, and the master and the circuit Judge

have failed to sustain it, it necessarily follows that her charge of want of consideration must also fail.

The transcript contains the following statement: "* * * Upon the hearing before the master, in argument, and on appeal before the circuit Court, the said respondents (the Waldrops), withdrew and abandoned all alleged defenses as to the mortgage of the First National Bank of Greer, except that of a lack of consideration."

It thus appears from the record that the master did not pass upon the alleged defense of want of consideration, and the Waldrops filed no exception to his failure to do so, relying solely upon the issue of fraud and duress; and that in the hearing before the circuit Judge they abandoned the only issue that they had raised, that of fraud and duress. The issue of want of consideration which was the sole basis of the circuit decree was not therefore properly before his Honor, Judge Mauldin, for decision, and this Court is powerless to pass upon it. We may say, however, that the decree discloses a misconception of the principle of want of consideration. The finding is that because Mrs. Waldrop did not derive any personal benefit to herself, but merely signed the note and mortgage to secure the past-due obligations of her sons, she was not liable for the payment of these obligations because there was a want of consideration so far as she is concerned. Such finding is opposed to all of the authorities in this State. It should not be necessary to cite authorities to show that where one signs an obligation as security for another, such obligation is founded upon a sufficient consideration, but a few quotations from South Carolina cases will be made to illustrate this principle.

"The law is well settled that a consideration to support an agreement need not of necessity be a pecuniary one nor even a beneficial one to the person promising. If it be a loss or even an inconvenience to the promisee, it is enough. *Corbett*

*v. Cochran,* 3 Hill, 41, 30 Am. Dec., 348; *Violett v. Patton,* 5 Cranch, 142, 3 L. Ed., 61 ; *Hamer v. Sidway,* 124 N. Y., 538, 27 N. E., 256, 12 L. R. A., 463, 21 Am. St. Rep., 693 ; *Talbott v. Stemmons,* 89 Ky., 222, 12 S. W., 297, 5 L. R. A., 856, 25 Am. St. Rep., 531, 9 Cyc., 311-316." *Johnson v. Lawrence,* 88 S. C., 496, 70 S. E., 1025.

"A valuable consideration, in the sense of the law, may consist either in some right, interest, profit, or benefit, accruing to the one party, or some forbearance, detriment, loss, or responsibility given, suffered, or undertaken by the other." *Furman University v. Waller,* 124 S. C., 68, 117 S. E., 356, 358, 33 A. L. R., 615.

"It is well settled that parties may contract for the benefit of third persons." *General Motors Accept. Corp. v. Hutto,* 136 S. C., 207, 134 S. E., 232, 234, citing numerous cases. Even if the testimony of Mrs. Waldrop and S. W. Waldrop as to the statements made when the note and mortgage were signed were true, such testimony would have no probative value for the reason that the statements testified to related to promises made as to future and not existing facts, and therefore could not be false representations. Moreover, such testimony should have been objected to and excluded upon the ground that it varied the terms of the written contract as evidenced by the note and mortgage. See *Stalnaker v. Tolbert,* 121 S. C., 437, 114 S. E., 412; *Alexander v. Kerhulas,* 151 S. C., 354, 149 S. E., 12.

We think, therefore, that the decree should be reversed so far as it denied the validity of the mortgage of the First National Bank, which is entitled to a fourth lien upon the mortgaged property and also to judgment against the defendants Mrs. Ordelia Waldrop, S. T. Waldrop, and S. W. Waldrop for the amount ascertained to be due upon its mortgage in the master's report, and in other respects affirmed; and it is so ordered.

54

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES BLEASE, STABLER, and CARTER concur.