13437

GRAHAM, RECEIVER, v. BERRY *ET AL.*

(164 S. E., 755)

*Mr. E. L. Asbill,* for appellants,

*Mr. George Bell Timmerman,* for respondent,

June 28, 1932.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This is an action brought by the receiver of the closed Bank of Pelion against the stockholders to assess and secure judgment for the respective amounts of their statutory liability. Certain of the stockholders who had deposits in the bank when it closed set up the defense that they were entitled to set off their deposits against their liability as stock-

holders, and also counterclaimed for the amounts of their deposits. Plaintiff demurred to the answers and counter-claims on the ground that they did not state facts sufficient to constitute a defense. From an order of Judge J. Henry Johnson sustaining the demurrers this appeal is taken.

Judge Johnson was undoubtedly correct. While it is true, as said by appellants, that the authority conferred upon the receiver of a closed bank by the 1929 Act (Section 7855 of the 1932 Code), is exclusive, superseding the depositors' former remedy in the nature of a creditors' bill (*Branchville Motor Company v. Adden*, 158 S. C., 90, 155 S. E., 277), this does not establish the correctness of appellants' contention that the receiver is indebted to them as depositors, that they as stockholders are indebted to the receiver, and that, therefore, the one debt should be set off against the other. The same Act which confers upon the receiver authority to collect the stockholders' liability also provides that all funds so collected "shall be kept as a separate fund to be paid to the depositors solely," thus making it clear beyond peradventure that the Act was not intended to change the long-recognized rule that the stockholders' liability "is not an asset of the bank," but is the basis of a right, in the depositors, changing only the method by which this right may be enforced, and that the receiver in this matter represents the depositors and not the bank. One who is both stockholder and depositor has two separate and distinct capacities: As a stockholder he has a fixed liability, exclusively for the benefit of depositors, which it is his duty to pay in full, if that be necessary; as a depositor he has a claim against the bank, as to which he also has a right to participate in the funds arising from the collection of the stockholders' liability, but as to both sources for the payment of his claim he is entitled to share only ratably with other depositors, the latter being a trust fund for the benefit of all the depositors in case of the bank's insolvency. To allow a depositor to set off his claim against

his statutory liability as a stockholder would give him a preference, for the reason that he would thus, to the extent of the set-off, collect his deposit in full while other depositors might collect theirs only in part. See *Parker v. Carolina Savings Bank,* 53 S. C., 583, 31 S. E., 673, 69 Am. St. Rep., 888.

But appellants urge that the stockholders' liability is a contract with the bank made when the stock is taken (*Fischer v. Chisholm,* 159 S. C., 395, 157 S. E., 139), that a claim as depositor is also based on a contract with the bank, and that for this reason the one claim may be set off against the other. As to this it is sufficient to say that, conceding the liability to be a contract with the bank, it is a contract which inures in no sense to the benefit of the bank, but solely to that of a third party—any person who might be or become a depositor in the bank—which such third party may enforce. *Timmons v. Boyd,* 89 S. C., 11, 71 S. E., 298, and numerous other cases.

Again, it is urged that, as some of the stockholders are insolvent and cannot be compelled to pay the assessment on their statutory liability, it would be inequitable to require others to pay the respective amounts of their liability and force them to share ratably in the dividends to depositors. In addition to what has been said as to the dual capacity of persons in the category of appellants, we cannot see that the situation here is unique or unusual in this respect. In the very nature of things, and in perhaps every similar case, judgments against some stockholders will be good while those against others will be of no value. Shall it be said that, because some of the judgments are worthless, none of them shall be collected?

The judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES BONHAM and MR. W. C. COTHRAN, ACTING ASSOCIATE JUSTICE, concur.