MANUEL NUNES CALACA *v.* ANTONE MARKS
CALDEIRA.

EXCEPTION FROM CIRCUIT COURT, SECOND CIRCUIT.

SUBMITTED OCTOBER 2, 1900.     DECIDED DECEMBER 27, 1900.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

The Commissioner of Private Ways and Water Rights must decide in
  accordance with vested rights. He cannot grant a way over an-
  other's property merely because he thinks the party desiring it
  ought to have it.
A way of necessity may be implied from a grant. It cannot arise in
  favor of or against a stranger merely because of necessity.

OPINION OF THE COURT BY FREAR, C.J.

This case comes here on exceptions from the Circuit Court,
to which it went on appeal from the Commissioner of Private
Ways and Water Rights for the District of Makawao, Island of
Maui. There are three lots through or near which a govern-
ment road runs. Lot 1 is owned by the plaintiff. Lot 2 was
formerly owned by a third person who sold to the plaintiff a
right of way over it to lot 1 from the road as then located, and
afterwards sold lot 2 itself to the defendant, who also owns lot 3,
which he obtained from another person who owned it at the
time the right of way over lot 2 was granted. The road has
now been changed so as to run through lot 3 about 100 or 150
feet distant from the point at which the way over lot 2 joined
the old road. This action is brought to secure a continuation of
this way over lot 3 to the present road.

Apparently the Commissioner and the Circuit Judge each
thought that he was to decide whether the plaintiff ought to
have the right of way. The Commissioner held that he ought,
because it would be inconvenient to get from his lot to the road

by another way. The Circuit Judge held that he ought not, because he could get out by the other way and it would make the government road dangerous if he should be allowed to get out by the proposed way,—on account of the grading that would be required. Counsel in this court objected that the Circuit Judge so decided from his personal view of the locality and that he ought not to have done so, because the case was submitted to him on the evidence taken before the Commissioner; and contended affirmatively that the way should be allowed as a way of necessity.

Authorities differ as to how urgent the necessity must be in order to give rise to a way of necessity, but this is not a case in which such a way can be implied at all, however urgent the necessity. A way of necessity may be implied from a grant in favor of either the grantor or the grantee, and cannot be implied in favor of or against a stranger to the grant. One cannot take the property of another against his will for his own private use even for compensation, however much he may need it. Neither the Commissioner nor the Judge could lawfully appropriate the defendant's private property to the use of the plaintiff. The statute recognizes this by requiring that the decision shall be in conformity with *vested rights* and shall be just and equitable between the parties—the defendant as well as the plaintiff.

Whether the plaintiff had any right to continue the use of the old government road as a public road from the end of his way to the new road does not appear. It was assumed in the lower courts that he had not, but that the old roadbed was the defendant's private property.

The decision of the Circuit Judge cannot be reversed because he gave wrong reasons, provided he came to a correct conclusion. It cannot be reversed in this case as being contrary to the law and the evidence, which is the only ground upon which it was excepted to.

The exceptions are overruled.

*Hons & Coke* for plaintiff.

*E. Johnson* and *J. Richardson* for defendant.