## JOHN HODSON AND ALBERTINA HODSON *v.* WILLIAM WOLTERS.

### APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED JANUARY 16, 18, 1909.                    DECIDED FEBRUARY 9, 1909.

HARTWELL, C.J., WILDER AND BALLOU, JJ.

EASEMENTS—*estoppel—sale of land with reference to intended roads.*
    Where lots on a road shown on a map are sold with a representation that the road, then surveyed and staked out, but not taken over by the government, would be kept open, being an easy and convenient route to reach a park and from there the center of the town, the purchaser of the lots may enjoin the proposed closing of the road.

Hodson v. Wolters, 19 Haw. 342.

OPINION OF THE COURT BY WILDER, J.

This is an appeal by defendant from a decree enjoining him from placing any obstructions on or across a portion of a certain highway known as road H running from Campbell avenue to Kanaina avenue in the Kapahulu tract near Kapiolani Park, Honolulu, and ordering him to remove certain obstructions placed thereon by him.

The evidence shows that the facts are substantially as follows: The owner of this tract of land had it platted and laid out in blocks and lots with avenues running through intersected by roads every few hundred feet, and began selling lots in the latter part of 1896 at which time the defendant bought the whole of block 9 which extends along one side of road H from Campbell avenue to Kanaina avenue, and he subsequently acquired all of the land fronting on the other side of road H between those two avenues. In the meantime plaintiffs purchased two lots on road H about a half a block up from Campbell avenue. They bought on the faith of the representations of their grantor that road H, at least between the two avenues in question, which was then staked out and surveyed, would be kept open. The grantor before selling any of the lots offered all of these avenues and roads, including the one in question, to the government for public highways, but the offer was refused by the then minister of the interior. Both plaintiffs and defendant bought with reference to a map showing the contemplated avenues and roads including road H. Roads G and I between Campbell and Kanaina avenues were under an arrangement publicly made at the first auction sale sold to purchasers of lots and closed up. It is urged that this shows that, although roads were designated on the map, there was no representation that they would be kept open. But the evidence does not warrant the conclusion that this arrangement applied to roads except G and I, and from the fact that road H and other roads were not sold it is to be in-

ferred that in order for owners of lots on each side of a road to close it they would have to purchase the land designated as a road. Since the tract was opened up road H, although not in good condition at any time, has been used more or less, mainly by persons on foot and some times by carriages and wagons. Plaintiffs have always used it in going to and from town and have assisted at various times in clearing off the weeds and brush so as to make it more passable. At times barriers of a more or less temporary nature have been placed across either end of the road. Plaintiffs have always insisted on their right to use the road and have removed wire fences which had been put across the ends of the road. Finally in the early part of 1908 the defendant placed obstructions of a permanent nature at each end of road H and threatened to completely close the road up. This suit for an injunction was then instituted with the result as stated.

The defendant's main contention is that where lots are sold by map or plat the purchasers acquire only an easement in the streets shown on the map which enable them to reach public highways in the most convenient manner, and that, as it is as easy and convenient for plaintiffs to reach public highways from their premises by the unclosed portion of road H and proceeding along Campbell avenue either way as through the closed portion of road H, the decree should be reversed. It is unnecessary to consider whether any other street or road shown on the map than the portion of road H in question may be closed. The shortest and most convenient method of getting to Kanaina avenue from plaintiffs' premises is undoubtedly along road H and from there to Kapiolani Park through private land. Without the privilege of crossing private land probably it is as convenient to reach the park by one road as the others mentioned. But this closed portion of road H is a continuation of the street on which plaintiffs bought lots and built and now live, is within only a half block of their house, is the shortest

and most practicable route to Kanaina avenue, the street car line and the center of the town, and, more than all, the representation that it would be kept open for travel induced plaintiffs and others to purchase lots on this road above Campbell avenue and thus enhanced the sale of those lots. Under such circumstances plaintiffs are entitled to have it kept open as against their grantor, purchasers from him, and grantees from them.

The defendant refers to *Pearson v. Allen,* 151 Mass. 82, *Mahler v. Brumder,* 92 Wis. 477, and many other cases, holding that where there has been a sale with reference to a plat showing contemplated roads not dedicated pursuant to statute a purchaser is entitled only to have such roads kept open that lead to the nearest public highway. The other extreme view, contended for by plaintiffs, is that under such circumstances a purchaser is entitled to have all the streets designated kept open, as held in *Wolfe v. Sullivan,* 133 Ind. 331; *Taylor v. Com.,* 29 Gratt. 780; *In re Pearl Street,* 111 Pa. St. 565, and other cases. In this conflict of authority we are not willing to adopt the rule that gives the purchaser only one road to the nearest highway. The fact that lots are sold as part of a tract intersected by numerous streets giving convenient access to all parts enhances the value of each lot, as is well understood by those who lay out such lots for sale, and a substantial closing of the proposed streets alters the entire character of the tract. We need not go so far as to hold that none of the streets shown on the map may be closed, but only that under the facts in this case the road must be kept open between Campbell and Kanaina avenues.

It is also claimed by defendant that the decree is erroneous in holding that the general public as well as plaintiffs have a right to use road H. This point was made and satisfactorily disposed of in *Rowan v. Portland,* 8 B. Mon. 232 237, which case has been approved by *Morgan v. R. R. Co.,* 96 U. S. 716.

The further argument suggested by defendant that, as he owns all the land on both sides of road H he therefore owns all the road in fee and may consequently close it up, has obviously no application in this case.

Where the complaining party is the public or some party not a purchaser, his rights are usually held to depend on a dedication (*Cincinnati v. White,* 6 Pet. 431), but the purchaser of a lot may rest his case on the theory of estoppel. It is therefore unnecessary to discuss other matters argued by defendant relating to statutory dedication and to the right of a private citizen to restrain a public nuisance by injunction without showing special injury.

The decree appealed from is affirmed.

*C. F. Clemons* (*Thompson & Clemons* on the brief) for plaintiffs.

*W. W. Thayer* and *M. F. Prosser* (*Kinney, Marx, Prosser & Anderson* also on the brief) for defendant.