Kaimuki Land Company, Limited, filed its application in the land court of the Territory to register title under *Page 255 
the provisions of chapter 144, R.L.H. 1935, to a certain parcel of land containing an area of 26,500 square feet, situated at Pawaa, in the City and County of Honolulu. An answer denying applicant's ownership of the property and asserting title thereto in herself was filed by Marguerite Mamo Clark, known also as Margaret Mamo Clark. Ray J. O'Brien and the Hawaiian Trust Company, Limited, trustees of the estate of John A. and Kahalewai Cummins, also interposed an answer in which they claimed to be the owners of the property and denied that neither the applicant nor Marguerite Mamo Clark had any interest therein. The facts, which are not in dispute, stated briefly are: On October 1, 1896, John A. Cummins, owner of the property, his wife Kahalewai Cummins joining, executed a deed conveying a life interest therein to their daughter May A. Creighton, whose name at the time of her subsequent death was May K. Clark. The conveyance to May A. Creighton was "for and during the term of her natural life and from and after her decease to her surviving children, if any, the issue of any deceased child to take in the place of the parent by right of representation." May K. Clark died in December, 1935, leaving an adopted child, Marguerite Mamo Clark, one of the answering contestants who claims the property as the adopted child of May K. Clark. The trustees of the Cummins estate claim ownership through a deed of trust executed contemporaneously with the deed to May A. Creighton by John A. Cummins and his wife to Joseph O. Carter, trustee. The latter deed, after granting certain designated property owned by the settlors, further conveyed to the trustee "all other lands and all equities in lands owned by the said JOHN A. CUMMINS wheresoever the same may be situate." The present trustees are the successors in trust to Joseph O. Carter, the original trustee. In February, 1907, John A. Cummins deeded to A. Fernandez all property then owned by him *Page 256 
in the Territory of Hawaii wheresoever situated therein. It is through the latter deed that the applicant Kaimuki Land Company, Limited, claims to have acquired title to the premises in dispute. If, as claimed by Marguerite Mamo Clark, she, by reason of her adoption and within the meaning of the provisions of the deed to May A. Creighton, was the child of her adopting mother at the time of the death of the latter, or if, as urged by the present trustees of the Cummins estate, the trust deed executed by Mr. Cummins and his wife to Joseph O. Carter conveyed the reversionary title to Carter as trustee, then in either event Kaimuki Land Company, Limited, could have acquired no title as successor in interest to Mr. Fernandez through the deed of February, 1907. The trial judge in his decision held that the contestant Marguerite Mamo Clark is the owner of the property as against the applicant and also as against the trustees and entered a decree dismissing the application. After a careful review of the facts and of the law, we are impelled to the conclusion that the applicant Kaimuki Land Company, Limited, failed to establish title to the land and that the trial court properly decreed dismissal of the application pursuant to the provisions of section 5032, R.L.H. 1935. Both the Kaimuki Land Company, Limited, and the trustees of the Cummins estate have brought the cause to this court on separate writs of error, the latter appeal being number 2329. The land company contends that the court erred in dismissing its application and in denying registration of title. The trustees do not complain of that action. Their attack is directed to that part of the decision which holds Marguerite Mamo Clark is the owner of the property as against them. They were confronted by an unusual situation. The decree was actually favorable to them but was based upon findings incorporated in the decision which were wholly adverse. They apparently *Page 257 
were fearful that should they fail to appeal, the decision of the court holding them to be without title might, under the doctrine of res adjudicata, bar them from asserting title in any subsequent proceeding brought to adjudicate the title as between them and Marguerite Mamo Clark. We think their apprehensions are groundless. An appeal to this court by a writ of error runs from the final decree. Specific rulings are considered only incidental in passing upon the correctness of the final judgment. (Territory v. Cotton Bros., 17 Haw. 374; Ramsey, Ltd., v.City County, 29 Haw. 242. See also R.L.H. 1935, § 5035.) And it is well-established in this jurisdiction that a judgment or decree will be affirmed on appeal if the record shows it to be correct, although the trial court may have assigned erroneous reasons for making it. (Consolidated Amusement Co. v. Hughes,22 Haw. 555, 557; Lee Lun v. Henry, 22 Haw. 165, 173;Colburn v. Holt, 19 Haw. 65; Calaca v. Caldeira, 13 Haw. 214. ) It is appropriate to point out that in a proceeding on an application to register title to land where there is more than one contesting defendant, the court is without power to determine title as between answering defendants. Such is the direct holding in In re Rosenbledt, 24 Haw. 298, 308, where this court said: "The power given [to the land court] is to determine between the applicant and parties who answer and contest the applicant's claim to title, but not to determine between conflicting answering defendants as to their respective rights." This, we think, is not only a proper interpretation of the statute but is a logical restriction. Every application for registration of title filed in the land court presents to the court the duty to determine whether or not the applicant is the owner of such a title as is proper for registration but where there is more than one answering defendant, the court is without power to adjudicate title as between them, nor would it be proper for this court, *Page 258 
sitting as an appellate tribunal, to attempt to do so. We go no further than to sustain the final decree of the lower court dismissing the application for registration and purposely refrain from expressing any opinion on the merits of the respective claims of ownership asserted by either of the contestants.
The decree appealed from is affirmed.