## ELIZABETH K. AKAI *v.* ANNIE K. LEWIS.

### No. 2598.

SUBMITTED JUNE 29, 1946.      DECIDED JULY 8, 1946.

KEMP, C. J., PETERS AND LE BARON, JJ.

OPINION OF THE COURT BY KEMP, C. J.

Annie K. Lewis is the owner of lots 3 and 4 in block "L" of the Kapahulu Tract (file plan 55 in the office of the registrar of conveyances) situated in the City of Honolulu. Each of said lots contains an area of 5045 square feet. Lot 4 is a corner lot with 50.45 foot frontage on 4th Avenue and 100 foot frontage on Olu Street. Lot 3 adjoins lot 4 with 50.45 foot frontage on 4th Avenue and a depth of 100 feet. Olu Street is 40 feet wide and 4th Avenue is 30 feet wide. Both streets were provided for in file plan 55 and were constructed years ago.

Exhibit "D" contains a blue print of lots 3 and 4 with the existing buildings, which consist of three dwellings and two garages. The blue print also shows a line which divides the area covered by lots 3 and 4 into two parcels, each having an area of 5045 square feet with a frontage of 50 feet on Olu Street and a depth of 100.90 feet. This dividing line leaves one garage on each of the parcels, two of the dwellings on one parcel, and one dwelling on the other, and divides the area covered by lots 3 and 4 into two parcels of 5045 square feet each as did lots 3 and 4. Two of the dwellings are partly on both lots 3 and 4, whereas each is wholly within one of the parcels formed by the new dividing line.

On March 22, 1945, Mrs. Lewis entered into an agreement with Elizabeth K. Akai to sell to Mrs. Akai the parcel which fronts on Olu Street containing the two dwellings and one garage for $6,000 and accepted from Mrs. Akai $50 and issued a receipt therefor reciting, "Option on house & lot on 3204 Olu Street."

However, Mrs. Lewis refused to execute a deed of sale when called upon to do so and Mrs. Akai brought suit against Mrs. Lewis to compel specific performance, alleging the agreement to sell and that the price agreed upon was $6,000 cash which she tendered to Mrs. Lewis. Mrs. Lewis in her answer admitted that she agreed to sell to petitioner the land described in the petition for $6,000 but alleged that her agreement was "on condition that the respondent recover the possession of an apartment rented by the respondent to third persons, which apartment was situated in the premises adjoining the property described in the complaint and did accept the sum of FIFTY DOLLARS ($50.00) on account of said promise to convey as aforesaid." The petitioner, by replication, denied that the agreement to sell to her was conditional and the court so decided.

After the decision on November 29, 1944, ordering specific performance respondent, on December 20, 1944, moved to reopen the case "for the purpose of adducing further evidence * * * to the effect that this land described in the petition is a subdivision of a larger tract; that the subdivision of the larger tract never was and never has been approved by the City Planning Commission. And I also want to offer in evidence the revised ordinance of the City and County of Honolulu, being Section 152 of the revised ordinance, and also the section of the revised ordinance which provides the penalty. * * *

"If the Court allows the motion to reopen for the purpose of adducing this testimony I would also like to amend

the answer by adding a new paragraph, substantially to the effect that the land described in the petition is a subdivision of a larger tract, which subdivision has not and never has been approved by the planning commission of the City and County of Honolulu, and that the offer of the petitioner to sell and the contract of sale is illegal, null, and void, and of no effect."

It does not appear that respondent actually amended her answer, as suggested, or otherwise. However, after a discussion by counsel and court, counsel stipulated the facts, of which the following is the substance:

1. That the land in question is not covered by the master plan adopted by the planning commission of the City and County of Honolulu;

2. That the land described in the petition is a portion of a larger tract in the City of Honolulu;

3. That the proposed subdivision of the larger tract has not been approved by the planning commission of the City and County of Honolulu;

4. That ordinance number 865 of 1940, being chapter III, Revised Ordinances of Honolulu 1942 as published in the bound volume, may be received in evidence;

5. That the division of the lot in question affects no street change whatsoever but is simply a division within the lot boundaries.

The circuit judge decided that by Act 242 of the 1939 Session Laws, especially at pages 160 and 161, the jurisdiction of the city planning commission is restricted to subdivision of areas within a master plan, and it having been stipulated that the master plan does not cover the area, "the necessity of approval by the City Planning Commission does not exist."

Thereupon the court settled the decree to be entered, from which this appeal was taken.

The specifications of error raise the sole question of

378

whether or not the contract of purchase and sale was, for failure to procure the approval of the planning commission of the City and County of Honolulu, null and void.

Section 1 (a) of ordinance number 865 defines "subdivision" as used therein as "any division of a parcel of land into smaller parcels in order to sell, lease or rent any of such parcels for all, except agricultural purposes." Section 1 (d) defines "subdivider" as "the owner or possessor of any interest in land desiring to subdivide land within the city and county of Honolulu." Section 3 of said ordinance provides that "Before any subdivider or his agent sells, leases or rents any subdivision of land or any part thereof, which is laid out wholly or partly within the city and county of Honolulu, the subdivider or his agent shall secure the approval of the city planning commission on such subdivision." Sub-paragraph (f) of said section further provides that "Land shall not be offered for sale, lease or rent until after recordation of the approved subdivision map; provided however, bona fide options or agreements for the purchase, sale, leasing or rental of land, which options or agreements are specifically made subject to the approval of the subdivision by the commission, may be made prior to the recordation of the subdivision map. For the purposes of this chapter, the holder of any such option or agreement may act as and perform all the duties of the owner of the fee simple title." Section 14 provides that "any person * * * who violates any of the provisions herein stipulated upon conviction shall be punished by a fine of not more than $1,000.00, or imprisoned for not more than one year or by both such fine and imprisonment."

To support her contention that her agreement is void, the respondent relies upon section 3 (f) and section 14 of the ordinance and section 7 of the Revised Laws of Hawaii 1945, which provides that, "Whatever is done in

contravention of a prohibitory law is void, although the nullity be not formally directed."

We need not cite authority for the proposition that ordinance number 865 is in derogation of the common law and that such an ordinance will be strictly construed. It is also well settled that under the rule of strict construction it is not to be presumed that the lawmakers intended to abrogate or modify a rule any further than that which is expressly declared or clearly indicated. (50 Am. Jur. Stats. § 403.) In the interpretation of a statute or ordinance the lawmaking body's own construction of its language, by means of definitions of the terms employed, supersedes the commonly accepted, dictionary, or judicial definition. (50 Am. Jur. Stats. § 262.)

Applying the foregoing rules to the facts clearly established, it is apparent that what was done in readjusting a division of the land owned by the respondent into two parcels with areas equal to lots 3 and 4 into which the land was already divided is not within the definition of "subdivision" contained in the ordinance. It is also apparent that what was done is not in conflict with the general purpose and spirit of the ordinance, the avowed purpose of which was and is to prevent the subdividing of large areas into smaller areas for the purpose of sale, lease or rent, without providing for "adequate light, air, fire protection, traffic safety and to insure the proper sanitation and drainage of lands * * * ." (Ord. 865, § 2.)

The fact that the trial judge based his conclusion on reasons different from those on which we reach the same conclusion does not render his conclusion erroneous. (*Calaca* v. *Caldeira*, 13 Haw. 214; *Consolidated Amusement Co.* v. *Hughes*, 22 Haw. 550; *Estate of Mary E. Foster*, 33 Haw. 666.)

The decree appealed from is affirmed.

*C. B. Dwight* for respondent-appellant.

*A. K. Trask* for petitioner-appellee.