CAROLINE L. BROWN et al., Respondents, v. FRED J. HOVEY, INC., et al., Appellants.— Appeal by the defendants from a judgment of the Supreme Court, Trial Term, entered in Warren County. The judgment enjoins Fred J. Hovey, Inc., from selling or using two building lots for commercial purposes. In 1926, Hovey owned a large tract of land bounded on the north by the Glens Falls City line and on the east by a highway known as Glen Street or U. S. route number 9. Hovey had approximately 59 acres of this property surveyed, plotted and mapped and divided into 120 lots, each measuring about 100 feet by 150 feet. In 1927, Hovey filed the map showing the 120 lots, each of which bore a number, and showing named and unnamed proposed streets. Hovey caused the streets to be constructed and planted shrubbery to make the area attractive for residences. Since 1927, Hovey has sold 118 of the 120 lots. All of the deeds of conveyance, with one minor exception, contain a clause restricting the property to residential use and expressly forbidding its use for commercial use. Although the deeds do not contain a clause expressly restricting Hovey in the use of the two remaining lots, the record supports the findings that Hovey and the various grantees intended the land to be used exclusively as a residential area and that the tract was developed pursuant to such a plan. Under the circumstances, a restriction on the two unsold lots is implied. The character of the neighborhood has not changed to an extent which makes the restriction no longer binding. There are a few business places on the opposite side of Glen Street but there are none in the Hovey tract. In the neighborhood outside of the tract, there are more residences than business places. And there is a park in the vicinity. The fact that the defendant can obtain a higher price if the remaining lots are sold for commercial purposes does not equitably overbalance the rights of the plaintiffs who built expensive houses near the two lots in question and who were compelled by the grantor to agree to the restrictions when they purchased their lots. Judgment unanimously affirmed, with costs. Present — Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ.