ALFRED T. L. YAP *v.* WAH YEN KI TUK TSEN NIN HUE OF HONOLULU, HERBERT A. B. CHANG, ET AL.

No. 4012.

ARGUED MAY 23, 1958.          DECIDED OCTOBER 23, 1958.

RICE, C. J., STAINBACK AND MARUMOTO, JJ.

38

OPINION OF THE COURT BY MARUMOTO, J.

Plaintiff, Alfred T. L. Yap, is a member of Wah Yen Ki Tuk Tsen Nin Hue of Honolulu, an eleemosynary corporation, hereafter referred to as the corporation. He filed an action against the corporation, the members of its executive board, and Finance Factors, Ltd. In the action he sought a decree:

(1) Requiring an accounting by the defendants of the sum of $106,500 received by the corporation from the City and County of Honolulu upon the sale of its land in Palama, and for interest received thereon;

(2) Ordering the return to the corporation of the sum of $100,000 loaned by it to Finance Factors, Ltd., with interest due thereon, and directing the executive board of the corporation to invest the sum returned in a manner not contrary to the laws of the Territory of Hawaii;

(3) Imposing personal liability upon the members of the executive board .for all losses that the corporation might have suffered by reason of the loan; and .

(4) Requiring the corporation to pay to plaintiff his expenses in the action, including a reasonable attorney's fee, the amount paid by the corporation for such expenses to be recovered by it from the members of the executive board.

The defendants moved to dismiss the complaint on the ground that it failed to state a cause of action. This appeal is from a dismissal pursuant to that motion.

Under our rules, a complaint is good if it contains a short and plain statement of the claim showing that the pleader is entitled to relief. (H.R.C.P., Rule 8 [a][1].) The rules do not require a statement of a cause of action. However, that does not make a motion to dismiss on the ground of failure to state a cause of .action bad. Such motion may be treated as a motion to dismiss for failure to state a claim upon which relief can be granted. (H.R.C.P., Rule 12 [b][6]; *United States* v. *Cattaraugus County,* 67 F. Supp. 294.) We so treat the motion in this case.

The action is in the nature of a stockholder's derivative suit. With regard to such action, it is provided in H.R.C.P., Rule 23 (b), that the complaint shall "set forth with particularity the efforts of the plaintiff to secure from the managing directors or trustees and from the shareholders such action as he desires, and the reasons for his failure to obtain such action or the reasons for not making such effort."

The complaint contains an allegation that plaintiff demanded the withdrawal of the loan from Finance Factors, Ltd., at a meeting of the corporation at which he found out about the loan but the members voted against him, and also an allegation that he made a written demand upon the executive board to withdraw the loan, after making futile demands upon its members by personal contacts and letters, but the board refused to comply with the demand. There is no allegation that plaintiff made any demand upon the board for an accounting of the sum of $106,500 received from the City and County of Honolulu and for interest received thereon.

We think that the complaint fails to meet the requirements of rule 23 (b) insofar as the claim to accounting is concerned. Inso-

far as the claim to the return of the loan is concerned, we think that it complies with the rule. (*Edwards* v. *Mercantile Trust Co.*, 124 Fed. 381, *Binney* v. *Cumberland Ely Copper Co.*, 183 Fed. 650; *Sias* v. *Johnson*, 86 F. [2d] 766.)

The loan was made by the executive board. It was ratified by a majority of the members. The ratification makes the loan an action of such majority. Courts will not interfere with an action of a majority of the members which has not been done in the interest of the majority to the detriment of minority members and which is not fraudulent, illegal or ultra vires. (13 Am. Jur., *Corporations*, § 422; 18 C.J.S., *Corporations*, § 496; 13 Fletcher, *Cyclopedia of Private Corporations*, 1943 Replacement Volume, § 5783.) The complaint does not contain any allegation that the loan was made in the interest of the majority to the detriment of the minority. Nor does it allege fraud.

Plaintiff purports to allege illegality in the following paragraphs:

(a) Paragraph XIV, alleging that the loan was contrary to R.L.H. 1945, §§ 8438-8444, now incorporated in R.L.H. 1955, §§ 177-20 to 177-26;

(b) Paragraph XVI, alleging that the loan was unreasonable and lacked the prudence required of investments of eleemosynary institutions in that it lacked the element of diversification; and

(c) Paragraph XVII, alleging that, in making and continuing the loan, the members of the executive board violated their fiduciary duty in that they required no security for its payment.

An examination of the mentioned paragraphs shows that they do not allege illegality.

With regard to paragraph XIV, R.L.H. 1955, §§ 177-20 to 177-26, contain a permissive list of securities in which the funds of certain governmental bodies, corporations and fiduciaries may be invested. The list does not include unsecured loans. That does not mean that such funds may not be loaned without security. The sections do not contain restrictions on investments. Restrictions, if any, are found elsewhere. For instance, restrictions on investments of Employee's Retirement System are found in R.L.H. 1955, § 6-75. Restriction on investments of banks, trust companies, savings and loan associations, insurance companies, and guardians and

trustees other than trust companies are found in R.L.H. 1955, §§ 178-59 to 178-93, 179-14, 180-52 to 180-62, 181-271 to 181-302, and 340-6, respectively. There is no statutory restriction on investments of eleemosynary corporations.

Paragraphs XVI and XVII do not go to the legality of the loan but only to its wisdom. There is no legal requirement that investments of eleemosynary corporations be diversified; nor is there a legal requirement that loans of such corporations be secured. The question as to whether investments should be diversified involves an exercise of judgment. The same is true of the question as to whether loans should be secured. Where a majority of the members have ratified an action of corporate directors involving solely a question of exercise of judgment, a minority member is bound by such ratification. (13 Am. Jur., *Corporations,* §§ 422, 980; 18 C.J.S., *Corporations,* §§ 496, 763, 971; 13 Fletcher, *ibid.,* §§ 5783, 5821.)

Plaintiff purports to allege ultra vires in paragraph XV. The allegation is that the loan was contrary to the objects and purposes of the corporation as stated in article II of its charter and by-laws. We think that the allegation is sufficient on a motion to dismiss. In a statement of a claim for relief, all that is required is fair notice to the adversary of the nature and basis of the claim asserted and a general indication of the type of litigation involved. (*Continental Collieries* v. *Shober,* 130 F. [2d] 631, 635.) The allegation meets such requirement.

Paragraph XV differs from paragraphs XIV, XVI and XVII in that, from the allegation itself, we cannot say that the loan was intra vires. Article II of the charter and by-laws is not stated in the complaint and is not a part of the record on appeal. Defendants have set forth what purports to be article II in their brief. We cannot consider a statement in a brief which has no support in the record. Without knowing the contents of article II, we are not in a position to say that the loan was intra vires and must accept the allegation that it violated such article, at face value. (*Town of River Junction* v. *Maryland Casualty Co.,* 110 F. [2d] 278, 280.)

The record shows that the loan was returned before the hearing on the motion to dismiss in the court below. The circuit judge held that such return made the case moot. The return did not necessarily

have such effect. It made the claim for the return of the loan moot. But it did not render moot the claims for the imposition of personal liability upon the members of the executive board for losses resulting to the corporation from the loan and for reimbursement to plaintiff of his expenses in the action.

If plaintiff is able to establish that the loan was ultra vires, that the members of the executive board continued the loan knowing that it was so or without making any effort to ascertain whether it was intra vires, and that the corporation suffered losses by reason of the loan, the members of the executive board will be liable for such losses. Corporate directors are liable for losses to the corporation from ultra vires acts where they knowingly enter into or persist in such acts, or, where they engage in such acts by mistake, the mistake is the result of want of ordinary care and prudence. (13 Am. Jur., *Corporations,* § 986; 13 C.J.S., *Corporations,* § 764; 3 Fletcher, *ibid.,* § 1023.)

Also, if plaintiff is able to establish that the loan was ultra vires and that the filing of the instant action was the motivating cause of the return of the loan, he will be entitled to reimbursement of his expenses in the action, including a reasonable attorney's fee. Where a minority stockholder brings a derivative action to restrain the continuance of an ultra vires act and succeeds in the action, he is entitled to reimbursement of his expenses. He need not establish that the corporation received any pecuniary benefit from such action. We agree with the following statement in *Abrams* v. *Textile Realty Corporation,* 97 N.Y.S. (2d) 492, 495: "At common law a stockholder may sue in the corporation's behalf to restrain its commitment to an *ultra vires* act, and such restraint is deemed in law to be protection of and beneficial to the corporation and its stockholders and creditors, even though, from an economic standpoint solely, the proposed act might be advantageous to the corporation. * * * Those who have a legal interest in the corporation have a right to judicial protection against such commitment irrespective of whether those hazards or the extra-legal action may be deemed negligible, or proper calculated risks, or counterbalanced by desirable ends." In such action, if the principal claim for relief becomes moot before final decree by reason of the performance of the desired act, the plaintiff is nonetheless entitled to reimburse-

ment of his expenses upon proof that the filing of the action motivated the performance of the desired act. (*Wolfes* v. *Paragon Refining Co.*, 74 F. [2d] 193; *Evans* v. *Diamond Alkali Co.*, 315 Pa. 335, 172 Atl. 678.)

Thus, there must be a proceeding in the court below to determine whether the loan was ultra vires. If it is determined that the loan was ultra vires, the court must further determine whether the corporation suffered any loss from the loan, whether there are sufficient facts to impose personal liability on the members of the executive board for any such loss, and whether the return of the loan before final decree was motivated by the filing of the action.

Reversed and remanded for further proceedings in accordance with this opinion.

*W. Y. Char* (also on the briefs) for plaintiff-appellant.

*Clarence W. H. Fong* (*Fong, Miho, Choy & Chuck* with him on the briefs) for defendants-appellees.

