JOHN T. WATERHOUSE *v.* CAPITAL INVESTMENT CO., LTD., MAKAHA VALLEY FARMS, LIMITED, MAKAHA BEACH COMPANY, LIMITED AND HAWAIIAN RESORTS, LTD.

No. 4051.

APRIL 13, 1960.

TSUKIYAMA, C. J., CASSIDY, WIRTZ, LEWIS, JJ., AND CIRCUIT JUDGE DYER IN PLACE OF MARUMOTO, J., DISQUALIFIED.

236

OPINION OF THE COURT BY LEWIS, J.

This is an appeal from a summary judgment dismissing the action on a record consisting of the complaint and an affidavit filed by defendants-appellees.

Plaintiff-appellant filed his complaint on July 27, 1956, seeking the protection of equity for three parcels of land for which he holds a deed dated September 29, 1947, and seven parcels of land for which he holds a deed dated October 27, 1950, all ten parcels being beach lots located in a cove at Makaha, District of Waianae, City and County of Honolulu. Relief was sought against a threatened motel development in the same cove.

Defendant-appellee, Hawaiian Resorts, Ltd., it was alleged, entered into an agreement on March 13, 1954, for the sale to it of the motel site and was proceeding with this development. The complaint further alleged that the cove is part of a subdivision which was so sold as to entitle plaintiff to enforce against this defendant, the buyer of the motel site, restrictions whereby only one family dwelling with the usual necessary outbuildings could be erected for each ten thousand square feet of lot area and the premises

could not be used for carrying on a hotel or apartment house, among other limitations.

Four corporations were named as defendants. The relationship between Capital Investment Co., Ltd., the first named, and Makaha Valley Farms, Limited, and Makaha Beach Company, Limited, the second and third named, is alleged in the complaint and they are there treated as though the acts of any one of them were the acts of all. This appeal presents no issue as to such treatment and without distinguishing between them we refer to them as "vendor." The buyer, the remaining defendant, will be referred to as "Hawaiian Resorts," or "vendee," or "defendant."

Plaintiff's complaint discloses that his land is registered in the land court under chapter 342, R.L.H. 1955, presently the chapter number for the Torrens system established by S.L.H. 1903, Act 56. Since it is alleged that plaintiff's land and the motel site are parts of Makaha subdivision, a large tract of land which vendor had purchased, we must infer from this that the motel site also is registered in the land court.

On September 10, 1956, motions to dismiss were filed by all of the defendants on the ground of failure to state a claim upon which relief can be granted. Hawaiian Resorts, which has carried the burden of the defense throughout, attached a memorandum raising three issues, below noted. On November 20, 1956, defendants filed the motion for summary judgment. This referred, for the grounds thereof, to the memorandum already on file and to an affidavit filed with the motion. Both the motions were argued and the latter granted. However, the only matter considered outside the pleadings was the affidavit, which merely eliminated the defense of res judicata insofar as it might otherwise have been raised by allegations concerning a certain equity suit brought against the de-

fendants other than Hawaiian Resorts in 1952.

Though defendants filed a separate motion for summary judgment, the effect was the same as though only the motion to dismiss had been made, the affidavit being presented and considered under H.R.C.P., Rule 12(b), or only the motion for summary judgment had been made, based on the complaint plus the affidavit. See Moore, *Federal Practice,* §§ 12.09, 56.02(3), 56.09, 56.11(2) (2d ed.). Both a motion to dismiss and motion for summary judgment having been filed, they might be considered together, as was done here, Moore, *Federal Practice, supra,* § 56.09, note 11, and the court was "justified in relying on any or all appropriate grounds disclosed by any or all the papers of record in the case." *Crosby* v. *Oliver Corp.,* 9 F.R.D. 110 (D.C.S.D. Ohio 1949) ; *Palmer* v. *Palmer,* 31 F. Supp. 861 (D.C.D. Conn. 1940) ; *Pofe* v. *Continental Ins. Co. of New York,* 161 F. 2d 912 (7th Cir. 1947). From the decision, to which the judgment appealed from refers, it appears that the action was dismissed on the ground that the allegations of the complaint (with the res judicata issue eliminated) were insufficient to state a claim upon which relief might be granted. We so construe the summary judgment.

The complaint alleged that the vendor caused the subdivision to be zoned for residential purposes, publicly declared in writing and advertised that the subdivision was to be sold subject to uniform restrictions for residential purposes, and inserted uniform restrictions in each deed issued covering all parcels in the subdivision except the motel site, which the vendor, after all the other land had been sold with restrictions, agreed to sell to Hawaiian Resorts without restrictions. It further was alleged that at the time of this agreement Hawaiian Resorts had "full knowledge of the restrictions contained in other deeds," and "knowledge of the declarations and promises

as aforesaid," and that the agreement for the sale of the motel site was made "in order to circumvent and defeat said restrictions."

Thus the complaint showed there were no restrictions in the chain of title of the motel site, asserted a right to the benefit of the restrictions on the basis of the facts alleged, and relied on the vendee's knowledge to charge it with the burden of the restrictions.

The court below held that the Statute of Frauds was fatal to plaintiff's claim, since:

"The Statute of Frauds prevents the enforcement against the vendor of real property, and any purchasers from him, of a promise not made in writing, signed by the vendor or purchaser, as the case may be, regarding the use of the property. Only where the vendor binds his remaining land in writing, signed by him, can reciprocity of restriction between the vendor and vendee be enforced. *Snow, et at* vs. *Van Dam, et al.* (1935 197 N.E. 224.)

"* * *

"The court finds that *Sprague, et al* v. *Kimball, et al.* 100 N.E. 622 (1931) Mass. 380 is soundly reasoned and states the law on the matter before the court."

(Decision of Circuit Court, July 5, 1957, pp. 2-4.)

The three issues raised by the memorandum attached to the motion to dismiss were:

"1. The imposition by a grantor of restrictions on the land of a grantee would not impliedly place the same restrictions on lands retained by the grantor."

"2. Defendants' land is registered land and the purchaser of registered land holds the same free from all encumbrances except those noted on the certificate of title. Restrictions are encumbrances and are not excepted by law. Defendants therefore hold said land free from restrictions not registered. Sec. 12641, R.L.H.

1945 as amended [now R.L.H. 1955, § 342-42]."

"3. Plaintiff's action ·is barred by the Statute of Frauds, sec. 8721, R.L.H. 1945 [now R.L.H. 1955, § 190-1]. The restrictions alleged are interests in or concerning land and are unenforceable against defendants unless agreed to in a writing signed by defendants. No sufficient instrument in writing signed by the defendants is alleged in the complaint."

In this court, Hawaiian Resorts further contends:

"The restrictive covenants are unenforceable by reason of vagueness and uncertainty."

"The complaint is too vague and uncertain to permit injunctive relief and the Chancellor was well within his discretionary powers in denying injunctive relief against Hawaiian Resorts, Ltd."

These further contentions would be considered if they furnished reasons for the judgment though different from the reasons of the court below. *Calaca* v. *Caldeira,* 13 Haw. 214; *Re Application Kaimuki Land Co.,* 35 Haw. 254; *Akai* v. *Lewis,* 37 Haw. 374, 379. However, such is not the case. The rule applicable here is that an appellate court will not consider a ground not presented in the trial court which involves questions of fact not there developed. *Uuku* v. *Kaio,* 20 Haw. 567. We cannot say from a mere reading of the restrictive covenants that, if applicable, they nevertheless are too vague and uncertain to afford relief against the structures or use or both characterized in the complaint as a motel.

Defendant asserts that the complaint should have specified the particular restrictions relied upon, this being argued in support of the contention that the complaint is too vague and uncertain to permit injunctive relief. Such contention, of course, has been waived by proceeding under H.R.C.P., Rule 12(b) (6) without proceeding under Rule 12(e). H.R.C.P., Rule 12(g) and (h).

We proceed to the first and third issues, i.e., as to the promise to bind the remaining land of the vendor and as to compliance with the Statute of Frauds.

There are two principal theories for the enforcement of mutual restrictions on use, structures, lot size and the like. One theory is that there are involved contract rights which a purchaser with notice is estopped to violate but which are not subject to the Statute of Frauds. The other is that there are involved servitudes similar to easements in which event the Statute of Frauds applies. See Clark, *Real Covenants and Other Interests Which "Run With Land,"* at p. 157; 3 Tiffany, *Law of Real Property,* chapter 18, §§ 860-861, at pp. 483-490; II American Law of Property, part 9, chapter II, §§ 9.24 and 9.25, pp. 401-409; *Bristol* v. *Woodward,* 251 N.Y. 275, 167 N.E. 441 (1929); *Turner* v. *Brocato,* 206 Md. 336, 111 A. 2d 855 (1955); annotation in 5 A.L.R. 2d 1316. We hold that the latter theory is correct. While it perhaps would not be necessary to determine this if the land were not registered under the Torrens Act (see *Bristol* v. *Woodward, supra*), since the land is registered, recognition that restrictions on use, structures and the like are encumbrances on the land subject to the restrictions, is necessary to the consideration of the issues.

The complaint alleged the insertion of uniform restrictions in deeds covering all lots in the subdivision except the motel site. The restrictions inserted in these deeds were quoted in the complaint. They did not express "the zone and the incidence of benefit and burden."[1] There are no restrictions in the chain of title of the motel site.

Plaintiff founds his case upon a general scheme or plan to burden land in the Makaha subdivision by the imposition of restrictions for the mutual benefit of landowners in that area. Constructing his case upon that platform,

---

[1] Quoted from *Bristol* v. *Woodward, supra.*

plaintiff seeks to imply the burden on the motel site and the benefit to himself as a landowner in the area. He relies on the doctrine of implied reciprocal negative easements developed in such cases as *Sanborn* v. *McLean*, 233 Mich. 227, 206 N.W. 496 (1925). As explained in *Denhardt* v. *De Roo*, 295 Mich. 223, 294 N.W. 163 (1940):

> "* * * Where there is no express restriction in the chain of title of the particular lot the use of which is sought to be restricted, there must be proof of a 'scheme of restrictions' originating from a common owner." p. 165.

See also *Brown* v. *Hovey*, 284 App. Div. 1094, 136 N.Y.S. 2d 263, App. Div. 3d Dept. (1954); *La Fetra* v. *Beveridge*, 124 N.J. Eq. 24, 199 Atl. 70 (1938), cf. *McComb* v. *Hanly*, 132 N.J. Eq. 182, 26 A. 2d 891 (1942); *Turner* v. *Brocato*, 206 Md. 336, 111 A. 2d 855 (1955), cf. *McKenrick* v. *Savings Bank*, 174 Md. 118, 197 Atl. 580 (1938); *Reeves* v. *Morris*, 155 Kan. 231, 124 P. 2d 488 (1942); *Pagel* v. *Gisi*, 132 Colo. 181, 286 P. 2d 636 (1955); *Grange* v. *Korff*, 248 Iowa 118, 79 N.W. 2d 743 (1956); *Scheuer* v. *Britt*, 217 Ala. 196, 115 So. 237, 218 Ala. 270, 118 So. 658; Clark, *Real Covenants and Other Interests Which "Run With Land,"* chapter VI; 3 Tiffany, *Law of Real Property,* chapter 18; II American Law of Property, part 9, chapter II; 14 Am. Jur., *Covenants, Conditions and Restrictions,* §§ 192, 199-202; annotations in 21 A.L.R. 1281, 33 A.L.R. 676, 60 A.L.R. 1216, 1223, 89 A.L.R. 812, 144 A.L.R. 916, 4 A.L.R. 2d 1364, 5 A.L.R. 2d 1316.

There is no case directly in point in this jurisdiction. Compare *Hodson* v. *Wolters*, 19 Haw. 342, 346; *Paterson* v. *Rush*, 34 Haw. 881, 891; *Re Yamaguchi*, 39 Haw. 608; *Motonaga* v. *Ishimaru*, 38 Haw. 158; *Klausmeyers* v. *Makaha Valley Farms*, 41 Haw. 287, 340-342; *City and County* v. *Tam See*, 40 Haw. 429; *Tanaka* v. *Mitsunaga*, 43 Haw. 119, 126-127. Defendant argues:

"The doctrine of implied reciprocal negative easement should not be held to apply in Hawaii."

The strict rule that nothing may be implied, even as to the incidence of the benefit and burden of express restrictions, is followed in some jurisdictions. See *Werner* v. *Graham*, 181 Cal. 174, 183 Pac. 945 (1919). Massachusetts is not that strict. As stated in *Snow* v. *Van Dam*, 291 Mass. 477, 197 N.E. 224 (1935), the existence of a general scheme may be shown in Massachusetts for the purpose of determining the land to which express restrictions are appurtenant. If the plaintiff shows the general scheme and if his lot and that sought to be bound were a part of the plan, his lot receives the benefit of that plan.

To show the general scheme or plan for this purpose, resort may be had in Massachusetts to such evidence as the substantial uniformity of the restrictions upon the lots included in a given tract, statements of intention in documents of a public nature, and recorded plats. These principles, stated in the above cited case (where however the plaintiffs failed to show that the defendants' land was included in the same development plan as theirs), are illustrated by *Baker* v. *Seneca*, 329 Mass. 736, 110 N.E. 2d 325 (1953), and *Gilbert* v. *Repertory, Inc.*, 302 Mass. 105, 18 N.E. 2d 437 (1939).

Though the intention to make the benefit of each express restriction appurtenant to all of the land in the subdivision may be implied from the general scheme or plan, Massachusetts declines to go one step further and imply the promise to restrict all of the land benefited under the common plan. There is no logical reason why that should not be done if the proof is sufficient to meet the Statute of Frauds. As stated by the Massachusetts court in *Snow*, it is difficult to see how a lot already granted takes the benefit of restrictions later imposed unless such benefit was promised the grantee of the first lot at the

time of his conveyance. However, in that case the court found itself bound by *Sprague* v. *Kimball,* 213 Mass. 380, 100 N.E. 622, cited and followed by the trial court in the present case.

Under the Massachusetts rule, as stated in *Snow,* reciprocity of restrictions between the vendor and the vendee can be enforced "only where, as in [citations], the vendor binds his remaining land by writing," the citations being to Massachusetts cases in which the restrictions were expressly imposed on the land of the defendant, or there was a promise expressly made in the deed to the plaintiff, or his predecessor, that the same restrictions "shall be inserted" in all other deeds, or "shall apply" to all other lots, or the like. We find this rule too restrictive. Plaintiff's claim may be grounded in an implied promise to bind the remaining land.

However, we think it inadvisable to formulate before the trial the rules as to the type and quantum of proof required to meet the Statute of Frauds, upon which this branch of the case turns. Under H.R.C.P., Rule 8(c), the Statute of Frauds is an affirmative defense. While in some cases the statute may be urged in support of a motion to dismiss, this is not an appropriate case for that procedure, particularly in view of the complexity and importance of the issues involved.

From the allegations of the complaint there appear to be involved here public announcements in writing, and deeds issued for lots in the subdivision, pursuant to the announced plan. There are no Hawaiian cases directly in point as to the effect to be given to such an announcement, so carried out, when the Statute of Frauds is raised.

There are a number of Hawaiian cases holding that the Statute of Frauds may be satisfied by separate writings. These may be considered together if by internal evidence they are shown to be related in subject matter,

and together may constitute the required memorandum in writing. When properly connected it is not necessary that all of them be signed. *Fishel* v. *Turner*, 13 Haw. 392; *Oliveira* v. *Silva*, 18 Haw. 602, 609; *Glockner* v. *Town*, 42 Haw. 485; see also 49 Am. Jur., *Statute of Frauds*, §§ 392-395.

We note the dictum in *Fishel*, that unsigned writings must be referred to in signed writings, though signed writings may be connected by other internal evidence. In *Glockner*, this court held that where the only writing signed by the party to be charged was insufficient, and there was no evidence of adoption of a separate writing signed by the other party, the Statute of Frauds was not satisfied. This still leaves unsettled the applicability, in a situation such as the present one, of the rule, more liberal than that stated in the dictum in *Fishel*, followed in cases such as *Crabtree* v. *Elizabeth Arden Sales Corp.*, 305 N.Y. 48, 110 N.E. 2d 551. That case indicates a split of authority and as above stated we think it inadvisable to formulate a rule for Hawaii without having the complete facts.

Moreover, we do not decide whether a case like the present one may be taken out of the statute by proper proof. In a case cited by defendant, it was stated that in a situation like the present one, the doctrine that part performance takes a contract out of the statute does not apply. *Ham* v. *Massasoit Real Estate Co.*, 42 R.I. 293, 107 Atl. 205. That question will not be judged on this record.

The second issue presented by the memorandum attached to the motion to dismiss concerns R.L.H. 1955, chapter 342, the Land Court Registration Act. Defendants assert that "the purchaser of registered land holds the same free from all encumbrances except those noted on the certificate of title."

We have before us no facts as to the notation of plaintiff's claim, or absence of such notation. Moreover, an

unregistered right may be enforced against a third party under some circumstances. True, only by registration can the legal title be encumbered. But this still leaves for determination the question whether the defending third party is entitled to protection against the claim. *Finley* v. *Finley*, 43 Wash. 2d 755, 264 P. 2d 246 (1953), annotated in 42 A.L.R. 2d 1387; *Klouda* v. *Pechousek*, 414 Ill. 75, 110 N.E. 2d 258. The order of priority of encumbrances against the legal title, shown by the time of recordation, is not necessarily final. It is final only in favor of one who is entitled to protection against an unregistered right. See R.L.H. 1955, sections 342-39, 342-42, 342-48, 342-50, 342-51, 342-55, 342-56, 342-59, 342-80, 342-82, 342-94 and 342-96.

The claim presented here, in substance, is one of a promise to insert in all deeds to land in the subdivision the same restrictions as were inserted in the deeds received by plaintiff. Equity is asked to specifically enforce this promise, which is a promise to create a servitude, an encumbrance on the land. The injunctive relief against the erection of the motel, sought by the complaint, is merely ancillary to the specific performance, as in *Rawlins* v. *Izumo Taisha Kyo Mission*, 36 Haw. 721, 725.

While the land court has jurisdiction to pass upon plaintiff's claim, the jurisdiction of equity is well recognized and that of the land court is additional. *Re Kamau Land Court Application, Land Situate on School St.*, 32 Haw. 680, 683; R.L.H. 1955, § 342-82.

Under the cases cited in connection with the first and third issues, if the land were not registered under the Torrens Act, knowledge of the restrictions clearly would charge Hawaiian Resorts with the burden of them should plaintiff make out his right to the benefit of the restrictions. R.L.H. 1955, § 342-41, provides that the Torrens Act shall not be construed "to change or affect in any

way * * * rights or liabilities created by law and applicable to unregistered land; except as otherwise expressly provided in this chapter." Thus, the problem is the effect, if any, of the Torrens Act on the ordinary rule.

Defendant relies on North Carolina cases. In North Carolina an unregistered right would be treated as a nullity and suit could not be brought on it. *Dillon* v. *Broeker,* 178 N.C. 65, 100 S.E. 191. However, even as to land not under the Torrens system, North Carolina follows the rule that "no notice, however full and formal, will take the place of registration." *Turner* v. *Glenn,* 220 N.C. 620, 18 S.E. 2d 197. We consider the North Carolina cases not in point. The pertinent cases are those in jurisdictions where the ordinary rule charges a third party with knowledge of an unrecorded right, the question then arising as to the effect of the Torrens Act on this rule.

Defendant, according to the complaint, entered into an agreement for the sale to it of the motel site. The issuance of a deed to defendant is not alleged. Hence, this case may involve the question whether the holder of an equitable right does, by his registration, cut off equities which otherwise might be superior, but whether that question is involved, and in any event the correct interpretation of the statute as it applies to the facts in this case, are matters that, in our view, should not be decided on the present record.

We have considered *Re Kamau Land Court Application, Land Situate on School St., supra* (1933); *Akagi* v. *Oshita,* 33 Haw. 343 (1935); *Paterson* v. *Rush, supra* (1939); *Land Title, Bishop Trust Co.,* 35 Haw. 816 (1941); *Guard* v. *Shimamura,* 37 Haw. 270, 277 (1945); *Re Yamaguchi, supra* (1952); and *Land Title, Bishop Trust Co.,* 40 Haw. 730 (1955). The last cited case involved a claim of omission of an encumbrance in the original registration, a different matter from the present one. *Re Yama-*

*guchi* followed *Paterson* v. *Rush.* Plaintiff argues that *Guard* v. *Shimamura* affected the authority of the *Bishop Trust Co.* case decided at 35 Haw. 816, and that only constructive notice was involved in *Akagi* v. *Oshita.* Defendant argues that under *Akagi* v. *Oshita* and the *Bishop Trust Co.* case decided at 35 Haw. 816, knowledge of an unregistered right would not detract from the protection afforded defendant by the Torrens Act. Neither party has submitted authority on the question whether the holder of an equitable right acquires by registration conclusive protection against the equitable rights of others. That question is intertwined with the other questions arising under R.L.H. 1955, c. 342.

There undoubtedly is a divergence of views among the jurisdictions which have adopted the Torrens system. However, there are substantial differences in the Torrens Acts of the several jurisdictions which have adopted this system, and each case may be judged against the background of the particular statute involved.

We should not, lacking a complete record, undertake to reconcile the cases and apply our statute. Hence the Torrens Act issue, like the Statute of Frauds issue, cannot be disposed of on the allegations of the complaint. We refer to H.R.C.P., Rule 12(d), which provides for deferral of a determination as to whether the complaint states a claim for relief. Such deferral is appropriate where, as in the present case, grave issues are involved and the trial of the case will develop those issues in a manner not possible without findings of fact. See 2 Moore, *Federal Practice,* § 12.16 (2d ed.).

It also is the rule that a complaint is not subject to dismissal if plaintiff is entitled to relief under any state of facts which could be proved in support of the claim, and a party shall be granted the relief to which he is entitled even if he has not demanded that relief in his plead-

ings. 2 Moore, *Federal Practice,* § 12.08 (2d ed.) ; H.R.C.P., Rule 54(c) ; *Territory* v. *Branco,* 42 Haw. 304, 311; *Yap* v. *Wah Yen Ki Tuk Tsen Nin Hue,* 43 Haw. 37.

Since the case cannot be disposed of upon the pleadings, there is no occasion to decide whether the allegations required to make out a claim for relief are different when the land is registered under the Torrens Act, or whether on the other hand defendant's claim to the protection of that act is an affirmative defense.

Lest the parties upon remand proceed in the court below by presentation of additional affidavits, we add that this is a case for application of Moore's statement that "in a great many cases there is no easy road for the solution of the problem as to whether there is a genuine issue of material fact. * * * Any reasonable doubt should be resolved against the movant." 6 Moore, *Federal Practice,* § 56.02, pp. 2012-2013 (2d ed.). The case is an inappropriate one for summary judgment because that procedure will not provide the proper factual basis for determination of the important issues involved (see *Kennedy* v. *Silas Mason Co.,* 334 U.S. 249, 257), and because from our appraisal of the case that procedure will not provide a short cut.

We reverse the judgment of July 12, 1957, and remand the case for further proceedings consistent herewith.

*John E. Parks* and *Thomas W. Flynn* (also on the briefs) and *Richard C. Sutton* for appellant.

*Leon L. M. Chun* and *Ingram M. Stainback* ( *Leon L. M. Chun* and *E. C. Peters* on the briefs) for appellee Hawaiian Resorts, Limited.

*Heen, Kai and Dodge* for appellees Capital Investment Co., Ltd., Makaha Valley Farms, Limited, and Makaha Beach Company, Limited filed no briefs. *Robert G. Dodge* present but did not argue.